(116 App. Div. 142)

## In re QUIMBY.

(Supreme Court, Appellate Division, First Department. October 27, 1906.)

ELECTIONS—NOMINATIONS—CONTESTS—EVIDENCE—ADMISSIBILITY.

When an independent political body engages in nominating candidates, and there is established an organization consisting of an executive committee and local committees for smaller political divisions, with proper officers engaged in a common purpose of nominating, the affidavits of such executive officers are competent evidence as to whether a particular candidate is a legitimate candidate of that body, or a mere intruder, endeavoring to obtain the benefit of the body's name and emblem.

Judicial proceedings in the matter of objections to certificates of nomination of candidates to be voted for at the election of November 6, 1906. The order of the Special Term denying an application to set aside the determination of the board of elections affirmed in the matter of the application of one Quimby.

Argued before O'BRIEN, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Herbert R. Limburg, for petitioner.
John T. Dooling, opposed.

PER CURIAM. Quimby filed papers alleged to be sufficient to nominate him for member of Congress in the Eighth congressional district. These papers, when produced, disclose that some of the papers filed include not only a nominee for Congress in the Eighth district, but a nominee for member of Assembly in the First district, and therefore they fall within the rule as laid down by this court in the Matter of Bennet (herewith decided) 102 N. Y. Supp. 353.

Secondly. The papers now on file contain only 1,022 names, of which signatures of enough are attacked by competent evidence establishing that the signers were nonresidents of the district, or nonregistered voters, or that the certificates of acknowledgment were fatally defective, to reduce the number to less than 1,000, which is the number required to complete the nomination. The claim is made that, when the papers were filed, they included a number of sheets containing a number of names more than enough to supply the deficiency, and it is claimed that said sheets have been abstracted or lost since they were delivered into the custody of the board of elections. The defect in the proof is that, even if such affidavits could be received to supply the deficiency upon the face of the papers, they are insufficient to establish the facts alleged to exist. Neither the names of the alleged signers are given, nor is any proof submitted from any of them that they did sign, or that the papers were properly executed and acknowledged.

The third objection is that the candidate is not the candidate of the Independence League and entitled to the use of its name and emblem; and as proof of that the affidavit of the chairman of the executive committee of the Independence League is offered. We are of the opinion that when an independent body of the kind and nature that the papers in the numerous proceedings which have been before us at this term of the court disclose engages in nominating candidates for office, and there is established an organization consisting of an executive committee for the whole city, and local committees for the various smaller political divisions, with proper officers, engaged in a common purpose of nominating, the affidavits of the executive officers of such an independent body are competent evidence as to whether or not particular candidates are the legitimate candidates of such body, or mere intruders, endeavoring to obtain the benefit of a party name and emblem heretofore established by others.

Certainly, in the absence of any satisfactory countervailing evidence, the affidavits of such executive officers are enough to justify the board of elections in determining that the candidates in whose favor they are made should be put on the ticket, to the exclusion of others which said officers repudiated.