(134 App. Div. 376.)

In re FOLKS.

In re BATES.

(Supreme Court, Appellate Division, First Department. October 23, 1909.)

1. ELECTIONS (§ 125*)—BALLOTS—CANDIDATES TO BE PLACED THEREON.

Where a body of voters meet to inaugurate a movement to nominate an independent candidate, and a committee is appointed, which adopts an emblem and name, and subsequently files petitions naming a candidate for the head of the ticket and a committee to have charge of the canvass and nominations, the emblem and name are to be considered as belonging to that movement, and it becomes a question of good faith whether the persons nominated to fill up the ticket are in sympathy with the movement, and those who are nominated by those in sympathy with the movement to go on the other places on the ticket are the ones the board of elections should recognize.

[Ed. Note.—For other cases, see Elections, Dec. Dig. § 125.*]

2. ELECTIONS (§ 125*)—BALLOTS—CANDIDATES TO BE PLACED THEREON.

On a contest between two certificates signed by different nominators, the preference of the committee in charge of the general ticket should have great weight in determining who shall be the candidates in the same column, and to hold that the certificate first filed with the board of elections, nominating candidates of another party who are in opposition to the general ticket on which it is sought to place them, must be adopted merely because it was first filed, would violate the whole spirit of the election law (Consol. Laws, c. 17).

[Ed. Note.—For other cases, see Elections, Dec. Dig. § 125.*]

Appeal from Special Term, New York County.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the matter of the applications of Ralph Folks and of Lindon Bates, Jr. From the order of the Special Term, appeal was taken. Orders affirmed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

George E. Joseph, for appellant.

A. S. Gilbert and Clarence J. Shearn, for respondents.

PER CURIAM. The court is clearly of the opinion that when a body of voters meet together for the purpose of inaugurating a movement to nominate an independent candidate for election, and a committee is appointed, which adopts an emblem and a name, and subsequently file petitions naming a candidate for the head of the ticket, and a committee is appointed to have charge of the canvass and nominations, the emblem and name adopted by that committee and by the persons representing it are to be used and to be considered as belonging to that movement. It then becomes a question of good faith as to whether or not the particular persons nominated to fill up that ticket are the ones in sympathy with the movement. And those who are nominated by those in sympathy with the movement to go on the other places on the ticket are the ones the board of elections should recognize as the ones to be included in the ticket. And that is the only way in which the spirit of the election law (Consol. Laws, c. 17) can be enforced.

Mr. Hearst is running as an independent candidate for mayor. He is opposed by the regular organization of the Democratic party and by the regular organization of the Republican party. When there is a contest as to two certificates signed by different nominators, the preferences of the committee in charge of the general ticket should have great weight in determining who shall be the candidates in the same column. To hold that a certificate first filed with the board of elections, nominating candidates of another party who are in opposition to the general ticket on which they desire to be placed, must be adopted merely because it was first filed, would violate the whole spirit of the election law and the system thereby created.

The order appealed from should be affirmed.