(134 App. Div. 378.)

In re WECHSLER.   In re DESMOND.   In re JOSEPH.

(Supreme Court, Appellate Division, First Department.   October 23, 1909.)

ELECTIONS (§ 168*)—NOMINATIONS BY PETITION.

 At a mass meeting a committee was appointed to nominate or provide for the nomination of candidates for city, county, and borough officers; no authority being given them to nominate or provide for the nomination of district candidates. The committee adopted "Civic Alliance" as the name, and the figure of Justice as the emblem, under which the candidates should appear on the official ballot, and made nominations for city, county, and borough officers. By petition, apparently regular on its face and containing a designation of the Civic Alliance as the name and the figure of Justice as the emblem under which the nominations were made, district candidates were nominated. *Held* that, under Election Law (Consol. Laws, c. 17) § 124, providing that an independent body may make nominations by petition, and may select and state in its certificate of nomination the name and emblem under which it desires its candidates to appear on the official ballot, there having been no other effectual nomination of district candidates for such independent party, and the nominators stating that they are in sympathy with, and intend to vote for the candidates of, the Civic Alliance, such district candidates should be placed in the Civic Alliance column on the ballot; it not appearing that there is any reason why such name and emblem should not be so used, or that some one else has a prior right to the use.

 [Ed. Note.—For other cases, see Elections, Dec. Dig. § 168.*]

 Ingraham, J., dissenting.

Appeal from Special Term, New York County.

---

In the matter of the applications of Ralph V. Wechsler, William J. Desmond, and Irving J. Joseph to review the decision of the Board of Elections. From an order overruling the action of such board in directing that the names of candidates for aldermen and assembly shall be placed on the official ballot under the name and emblem of the Civic Alliance, appeal is taken. Order reversed, and determination of Board of Elections affirmed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGH-TON, and SCOTT, JJ.

Charles Firestone, for appellant.
A. S. Gilbert, for respondent.

PER CURIAM. In this case we are not called upon to pass upon the conflicting claims of candidates nominated by two sets of nominators. The evidence shows that the candidates whose names have been ordered by the court below not to be placed in the Civic Alliance column on the official ballot were put in nomination by petition apparently regular upon its face and which contained a designation of the Civic Alliance as the name, and the figure of Justice as the emblem, under which the nominations were made. It appears from the affidavit now before us that at a mass meeting held at Cooper Union, in this city, a committee of five was appointed to nominate or provide for the nomination of candidates for city, county, and borough officers. No authority was given or attempted to be given to them to nominate or provide for the nomination of district candidates. This committee adopted a name and emblem, and caused city, county, and borough officers to be nominated by petition.

We should assume that electors in the several districts who are in general sympathy with the nominators of the city, county, and borough candidates have a right to nominate by petition district candidates, and to adopt the same name and emblem as that chosen by the nominators of the general candidates. In a broad sense, all the electors who hold the same general political views as the city, county, and borough candidates have a right, as to the district candidates, to use the same name and emblem. The committee of five appointed at the Cooper Union meeting had no authority by law or by any act of the mass meeting to dictate or interfere with district nominations. But in any case where two sets of independent nominators, both claiming to be in general sympathy with the city, county, and borough candidates, have made district nominations and claimed the right to use the name and emblem, the board of elections in the first instance, and if appeal be made the court, is called upon to decide which of the two certificates of nomination represents nominators in sympathy with the general ticket, and, if any question arises thereon, which was filed in good faith. In such case the views and preferences of the committee of five, while by no means controlling, are entitled to great weight and consideration as to which set of nominators fairly represented and were in sympathy with the general ticket; and in another case (decided herewith) where there was a contest between two candidates nominated by petition, this court has given such weight to the expressed views and preferences

of the committee of five. In the present case, however, there is no such controversy before us. We have but one nomination for each office; and we have positive statements by the nominators to the effect that they are in sympathy with the persons who held the mass meeting and inaugurated the movement which resulted in the nomination of the Civic Alliance candidates, and that they intend to vote as well for the city, county, and borough candidates under that name as for the aldermanic and assembly candidates. This is not denied, otherwise than by a general allegation in the affidavit of the committee of five that certain persons (not those named in the certificates here called in question) are the candidates of said independent body, the Civic Alliance, for said offices, and no others are candidates of said independent body, the Civic Alliance, for said offices.

It was conceded upon the argument that an attempt had been made to nominate the persons named in the affidavit of the committee of five; but that that attempt had proven to be fruitless, owing to some defect or irregularity in the certificate of nomination, and the action of the board in that regard is not before us for review.

The statute provides that an independent body may make nominations by petition, and may select and state in its certificate of nomination the name and emblem or device under which it desires its candidates to appear upon the official ballot (section 124 of the election law). Unless some reason is made to appear why such name and emblem should not be so used, or that some other body or party has a prior right to the use thereof, the board of elections and the court are powerless to interfere.

It is not so made to appear in this case, and the order appealed from should be reversed, and the determination of the board of elections affirmed.

INGRAHAM, J., dissents.