PEOPLE ex rel. STEINERT v. BRITT et al.

(Supreme Court, Appellate Division, First Department. November 1, 1911.)

ELECTIONS (§ 143*)—NOMINATIONS—INDEPENDENT NOMINATIONS.

Under Election Law (Consol. Laws 1909, c. 17) § 123, as amended by Laws 1911, c. 649, providing for the qualification of electors signing independent nominations, and that the name of no person signing shall be counted unless he shall duly register, it is unnecessary that the elector shall at the time of signing such certificate have been registered, but it is sufficient if he be duly registered before the count.

[Ed. Note.—For other cases, see Elections, Dec. Dig. § 143.*]

Appeal from Special Term, New York County.

Mandamus by the People, on the relation of Max Steinert, against J. Gabriel Britt and others, to compel them to accept for filing an independent certificate of nomination. From an order denying the motion, relator appeals. Affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, MILLER, and DOWLING, JJ.

Paul Armitage, for appellant.

Terence Farley and John G. Saxe, for respondents.

PER CURIAM.   Section 123 of the election law (chapter 22 of the Laws of 1909 [Consol. Laws 1909, c. 17] as amended by chapter 649 of the Laws of 1911) provides for the qualification of the electors signing independent nominations.   Such an independent nomination must be subscribed by the required number of such electors, each of whom shall add to his signature his place of residence and make oath that he is an elector and has truly stated his residence.   But it is not required that he shall have been registered at the time he signs the certificate.   The last clause of that section then provides for the counting of the persons signing such a certificate of nomination, and it is there provided that:

"The name of no person signing an independent certificate of nomination shall be counted unless such person shall on one of the days of registration be registered as a qualified elector.  *  *  *  For the purpose of ascertaining whether the person whose name appears on an independent certificate of nomination signed such certificate, the affidavit or testimony of such person that he did not sign such certificate shall be prima facie evidence that he did not sign such certificate."

The intent seems clear that it is not necessary that the elector signing a certificate of nomination shall at the time of signing such certificate have been registered; and it will answer the requirements of the statute if, before his name is counted, he shall have been duly registered.

As it is conceded that this certificate of nomination was not tendered for filing or filed 20 days before the election, as required by section 128 of the election law, it follows that the court below was right in sustaining the objection to the certificate, and the order should therefore be affirmed.

---

### In re SCHAEFER.

(Supreme   Court, Appellate Division, First Department.   November 1, 1911.)

ELECTIONS (§ 139*)—CERTIFICATE OF NOMINATION—STATUTORY PROVISIONS.

The requirement of the election law (Consol. Laws 1909, c. 17) that the oaths of the officers of a nominating convention be filed with the certificate of nomination is directory.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 127; Dec. Dig. § 139.*]

Appeal from Special Term, New York County.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, MILLER, and DOWLING, JJ.

