THE PEOPLE OF THE STATE OF NEW YORK ex rel. TIMOTHY L. WOODRUFF et al., Appellants and Respondents, *v.* J. GABRIEL BRITT et al., Constituting the Board of Elections of the City of New York, Respondents and Appellants.

(Argued September 30, 1912; decided October 4, 1912.)

Opinion in People ex rel. Hotchkiss v. Smith supplemented and modified — statutes now in force as to independent nominations.

The provisions of section 57 of chapter 680 and of section 57 of chapter 909 of the Laws of 1896, relative to the number of signatures required upon a certificate for an independent nomination, are valid and constitutional and are now operative by reason of the unconstitutionality of later statutes.*

*People ex rel. Woodruff* v. *Britt*, 152 App. Div. 913, modified.

CROSS-APPEALS from an order of the Appellate Division of the Supreme Court in the second judicial department, entered September 19, 1912, which reversed an order of Special Term denying a motion for a peremptory writ of mandamus to compel defendants, composing the board of elections of the city of New York, to disregard as unconstitutional and void certain provisions of the Election Law.

*Jacob L. Holtzmann* and *Julius Henry Cohen* for relators, appellants and respondents.

*Archibald R. Watson, Corporation Counsel* (*James D. Bell* of counsel), for defendants, respondents and appellants. This proceeding cannot be maintained. The relators have neither interest nor grievance to give them standing in court. The defendants are not in default. The time for performance of the acts required of them has not yet arrived. No demand has been made upon them to perform any legal duty, and they have

---

* This cause was argued with *People ex rel. Hotchkiss* v. *Smith*. See opinion 206 N. Y. 231.

neither failed nor refused to perform any such duty. (*Matter of Woodworth*, 64 Hun, 522; *Matter of Ind. Nominations*, 186 N. Y. 266; *Matter of Murray*, N. Y. L. J. Sept. 19, 1911; *Matter of Kelly* v. *Van Wyck*, 35 Misc. Rep. 210; *People ex rel. Ackermann* v. *Stover*, 138 App. Div. 237; *People ex rel. O'Brien* v. *Cruger*, 12 App. Div. 536; *People ex rel. Hotchkiss* v. *Smith*, N. Y. L. J. Sept. 18, 1912; *People* v. *Dooley*, 171 N. Y. 74; *Chamberlain* v. *City of Burlington*, 19 Iowa, 395; *Matter of Social Dem. Party*, 182 N. Y. 442.) The relators are not entitled to relief upon the merits. (*Matter of Duffy*, 125 App. Div. 406; *People ex rel. Steinert* v. *Britt*, 146 App. Div. 683.)

Order of Appellate Division modified so as to direct that mandamus issue to the board of elections, commanding it to receive certificates of nomination for public offices other than municipal offices to be voted for in a district less than the whole state, but greater than a town or ward of a city, and also for candidates for member of assembly, when signed by five hundred voters qualified as prescribed by statute; in other respects the order is affirmed, without costs to either party. Order to be settled before CHASE, J.

On the settlement of the order of this court herein the following statement and opinion were handed down:

CHASE, J. In the opinion handed down in *People ex rel. Hotchkiss* v. *Smith* (206 N. Y. 231) we stated in substance that a statutory provision requiring the signatures of fifteen hundred or even one thousand voters to file a certificate for independent nominations for public office other than municipal offices to be voted for in a district less than the whole state, but greater than a town or ward of a city, is unreasonable as a matter of law and contrary to the provisions of the Constitution. We also stated therein in substance that we had no power to prescribe the number of signatures that

should be required upon a certificate for any independent nomination, but that having held the number required for independent nominations by certain statutes unreasonable, unconstitutional and void, we must go back until we reach a statute on the subject which in our opinion is not violative of the requirements of the Constitution.

In the haste of preparing the memorandum in this case it was assumed that it should be the same as in the *Hotchkiss* case. On the settlement of the order herein it appears that the provisions of section 57 of chapter 680 of the Laws of 1892 differ materially in form from the subsequent provisions of statutes held void. The difference has made it necessary in this case to change in some respects the general memorandum decision handed down. The first statutes in a backward line which we hold to be within the terms of the Constitution and now operative in this case are that part of section 57 of chapter 680 of the Laws of 1892, as follows:

"Five hundred or more voters of a county or city or of a portion of the state greater than a county, * * * may nominate candidates for offices to be filled by the voters of such county, city or portion of the state." "If the nomination is for an office to be filled wholly or in part by the voters of only a portion of either the city and county of New York, the county of Kings, or the city of Brooklyn, not less than two hundred and fifty voters shall make such nomination."

And that part of section 57 of chapter 909 of the Laws of 1896 as follows:

"Except that five hundred voters or more of an assembly or school commissioner district, may make such nomination for member of assembly or school commissioner to be voted for in such district. Independent nominations of candidates for public office to be voted for only by the electors of a town, or ward of a city, or a village, can only be made by one hundred electors or more of such town, ward or village, except that when such

town, ward or village constitutes an assembly or school commissioner district, five hundred or more electors shall be required as above to make such nomination for member of assembly or school commissioner."

The remedy for this incongruous result is with the legislature.

The order of this court is settled in accordance with the opinion in the *Hotchkiss* case supplemented and modified as herein provided.

CULLEN, Ch. J., HAIGHT, VANN, WILLARD BARTLETT and COLLIN, JJ., concur; HISCOCK, J., not sitting.