THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM·H. HOTCHKISS et al., Appellants and Respondents, *v.* JOHN SMITH et al., Constituting the Board of Elections of Putnam County, Respondents and Appellants.

Election Law — certificates of independent nominations — unconstitutionality of provision of section 122 requiring more than five hundred signatures for nominations in assembly districts or other political divisions of the state greater than a town or a ward of a city — provisions of section 123 relating to registration and other qualifications of persons signing certificates, examined and held not to be unreasonable.

1. The otherwise plenary power granted to the legislature to prescribe the method of conducting elections cannot be so exercised as to disfranchise constitutionally qualified electors, and any system of election that unnecessarily prevents the elector from voting, or from voting for the candidate of his choice, violates the Constitution.

2. The franchise of which no "member of this state" may be deprived is not only the right of citizens, who possess the constitutional qualifications, to vote for public officers at general and special elections, but it also includes the right to participate in the several methods established by law for the selection of candidates to be voted for.

3. The Election Law as enacted and amended from time to time, in so far as it requires independent nominations of candidates for public office, other than municipal candidates, to be voted for in a district less than the whole state but greater than a town or ward of a city, and for a candidate for member of assembly, to be signed by more than 500 voters qualified as prescribed by statute, is unconstitutional and void. (Now § 122; L. 1911, ch. 891, § 62.)

4. The provision of section 123 (L. 1911, ch. 649, § 2) that no person signing an independent certificate of nomination shall be counted unless such person shall, on one of the days of registration in such year, be registered as a qualified elector, tends to prevent fraud and to make more certain the good faith of the persons seeking to present to the voters independent candidates for office. A person signing an independent certificate of nomination should be counted if he registers in such year either before or after signing such certificate.

5. The provision of section 123 which requires that in case a candi-

date nominated by an independent certificate of nomination be at the time of the filing of such certificate or afterwards a candidate of a political party for the same office, no person who is an enrolled member of such political party shall be counted, is not an unreasonable provision.

6. The provision of section 123 that no person shall join in nominating more candidates for one office than there are persons to be elected thereto, when construed as only intended to prevent an elector from signing two independent nominating petitions for the same office, is not unreasonable.

7. Ordinarily the courts will not assume jurisdiction to decide questions in advance of some action taken, or refused, actually involving the rights of persons interested in the question sought to be determined. This situation is exceptional and extraordinary, and this proceeding is, therefore, entertained and a peremptory writ of mandamus may issue directing the defendants, constituting the board of elections, to disregard as unconstitutional the provisions of the statute herein held to be void, although no certificate for an independent nomination has been presented to them for filing, but this holding is not intended as a precedent in cases between individuals as such, or in any case except where the facts and circumstances are equally exceptional and extraordinary.

*People ex rel. Hotchkiss* v. *Smith*, 152 App. Div. 514, modified.

(See *People ex rel. Woodruff* v. *Britt*, 206 N. Y. 246.)

(Argued September 30, 1912; decided October 4, 1912.)

CROSS-APPEALS from an order of the Appellate Division of the Supreme Court in the second judicial department, entered September 19, 1912, which modified and as modified affirmed as matter of law and not in the exercise of discretion, an order of Special Term providing that a peremptory writ of mandamus issue directing the defendants, composing the board of elections of Putnam county, to disregard as unconstitutional and void certain provisions of the Election Law.

The facts, so far as material, are stated in the opinion.

*William M. Chadbourne,* for relators, appellants and respondents. *J. Hampden Dougherty* for Empire State Democracy, intervenor. *Albert S. Bard* for Citizens' Union, intervenor. The application was not prematurely

made. Mandamus is the proper remedy. (*Matter of Hopper* v. *Britt*, 203 N. Y. 144; 204 N. Y. 524; *State ex rel. Morris* v. *Wrightson*, 56 N. J. L. 126.) The Constitution of New York state condemns legislation which does not afford to all political organizations, both recognized political parties and independent political bodies, "equality of opportunity, so far as practicable," with respect to their activities — whether such opportunity relates to the nomination of candidates, or to their appeal to voters on election day. This doctrine is the test, tried by which all the criticised provisions of the Election Law must fall. (*Matter of Hopper* v. *Britt*, 203 N. Y. 144; *People ex rel. Coffey* v. *Dem. Com.*, 164 N. Y. 335; *Matter of Burke* v. *Terry*, 203 N. Y. 293.) The numbers of required signatures for independent nominations even under the Appellate Division decision are excessive and operate as an unconstitutional restriction upon such nominations. The court should go back to Laws of 1890, chapter 262, section 5, to find the legal number of signatures. (*Matter of Hopper* v. *Britt*, 203 N. Y. 144.) Unless the number of names required is constitutional for every district within the class, the whole provision fails. It cannot be applied to districts where it would be reasonable, but be suspended in the cases where it is unreasonable. (*Baldwin* v. *Franks*, 120 U. S. 678; *U. S.* v. *Reese*, 92 U. S. 214; *Ballard* v. *M. C. O. Co.*, 81 Miss. 507.) If chapter 680 of the Laws of 1892 and chapter 909 of the Laws of 1896 were unconstitutional (in the particulars criticised) when passed, they are still unconstitutional, and should be so declared. The court must go back in the series until it finds a constitutional statute. (*Dred Scott* v. *Sandford*, 19 How. [U. S.] 393; *Matter of Burke* v. *Terry*, 203 N. Y. 293; *Gibbons* v. *Ogden*, 9 Wheat. 1; *Jackson* v. *Ten Eyck*, 5 Cow. 346; *B. R.*, etc., *Ry. Co.* v. *Lavery*, 75 Hun, 396; 149 N. Y. 576; *State ex rel. Morris* v. *Wrightson*, 56 N. J. L. 126; *Williams* v. *Secty. of State*, 145 Mich. 447; *Giddings* v.

*Blacker*, 93 Mich. 1; *Parker* v. *State*, 133 Ind. 178; *County Comm.* v. *P. Bridge Co.*, 109 Md. 1.) The court should go back to the Laws of 1890, chapter 262, section 5, to find the legal number of signatures. That law is still operative if the subsequent ones are unconstitutional. (*People* v. *Dooley*, 69 App. Div. 512; 171 N. Y. 74; *People ex rel. Farrington* v. *Mensching*, 187 N. Y. 8; *Childs* v. *Shower*, 18 Iowa, 261; *State* v. *Blend*, 121 Ind. 514; *State* v. *Thomas*, 138 Mo. 95.) The provision of section 123 of the Election Law that strikes from a petition the name of an enrolled member of a party if the party nominates the same candidate is also unconstitutional. (*Matter of Hopper* v. *Britt*, 203 N. Y. 144; *People ex rel. Coffey* v. *Dem. Com.*, 164 N. Y. 335.) The provision of section 123 of the Election Law that strikes from a petition the name of a voter unless he shall register for that election is also unconstitutional. (*Matter of Callahan*, 200 N. Y. 59; *Matter of Hopper* v. *Britt*, 203 N. Y. 144; *Matter of Burke* v. *Terry*, 203 N. Y. 293; *Matter of Horan*, 108 App. Div. 269; *People ex rel. Steinert* v. *Britt*, 146 App. Div. 683.)

*Henry C. Henderson* and *H. T. Dykman* for John Smith et al., respondents and appellants. The petitioners herein have not presented facts upon which the Supreme Court can grant a writ of peremptory mandamus. (*C., etc., Ry. Co.* v. *Wellman*, 143 U. S. 339.) In this case the court is asked to determine a speculative and abstract question of law in the absence of any controversy in relation thereto, and is not asked to redress or prevent any wrong. (*People ex rel. Coffey* v. *Dem. Com.*, 164 N. Y. 341; *People ex rel. McCarren* v. *Dooling*, 128 App. Div. 1; 193 N. Y. 604; *Thomas* v. *M. M. P. Union*, 121 N. Y. 45; *Williams* v. *Hapgood*, 98 U. S. 72; *State* v. *Savage*, 64 Neb. 684; *Cross* v. *De Valle*, 1 Wall. 5; *Langdale* v. *Briggs*, 8 DeG., M. & G. 391; *Carroll* v. *Smith*, 99 Md. 653; *Hobart College* v. *Fitzhugh*, 27

N. Y. 130; *Matter of Reynolds*, 144 App. Div. 458; 202 N. Y. 430.)

*Thomas Carmody, Attorney-General*, by permission, as *amicus curiæ.*

*Bartow S. Weeks, John Godfrey Saxe* and *Ellwood M. Rabenold*, by permission, as *amici curiæ.* Relator's objection to the following provisions contained in section 123, chapter 649 of the Laws of 1911: "The name of no person signing an independent certificate of nomination shall be counted unless such person shall on one of the days of registration in such year be registered as a qualified elector, * * *," cannot be sustained. (*Matter of Horan*, 108 App. Div. 269; *People ex rel. Behrman* v. *Voorhis*, 168 N. Y. 367; *People ex rel. Steinert* v. *Britt*, 146 App. Div. 683; *People ex rel. Ahearn* v. *Elder*, 195 N. Y. 493; *People ex rel. Fraser* v. *Brown*, 203 N. Y. 136.) The objection made to that portion of section 123 of chapter 649 of the Laws of 1911 which provides that "In case a candidate nominated by an independent certificate of nomination be at the time of filing the said certificate or afterwards the candidate of a political party for the same office, the name of no person who is an enrolled member of such political party shall be counted," cannot be sustained. (*Matter of Duffy*, 125 App. Div. 408; *Matter of Comr. of Elections*, 64 Misc. Rep. 620.)

CHASE, J.    The petitioner Hotchkiss, who alleges that he is the provisional chairman in and for the state of New York for the National Progressive party, and the petitioner Fish, who alleges that he is the chairman of the Putnam county committee of said party, and each alleging that said party is a new political party, organized and existing throughout the United States, and that it intends to cause nominations to be made by petition, among others, for county officers for Putnam county and member of assembly for said county so as to entitle its

party ticket to be printed in a separate column upon the official ballots for said election; and further alleging that certain provisions of the Election Law are so onerous as to operate as a prohibition against nominations by said party and other independent political parties, ask that said provisions be declared unconstitutional and void and that said defendants be directed to disregard them.

The sections of the Election Law in controversy are section 122 thereof, as amended by section 62 of chapter 891 of the .Laws of 1911, and section 123 thereof, as amended by chapter 649 of the Laws of 1911. Said sections, so far as material, are as follows:

"§ 122. Independent nominations. Nominations made as provided by this and the next section shall be known as independent nominations, and the certificate whereby such nominations are made shall be known as an independent certificate of nomination. Independent nominations of candidates for public office to be voted for by all the voters of the state can only be made by six thousand or more voters of the state; provided, however, that in making up such number at least fifty voters in each county of the state (the counties of Fulton and Hamilton to be considered as one county) shall subscribe the certificate provided for in this and the next section. Independent nominations of candidates for municipal offices to be voted for by all the voters of a municipality can only be made if in a city of the first class by four thousand voters of such city; if in cities of the second class by one thousand five hundred voters of such city; and in other cities by eight hundred voters thereof. Independent nominations of candidates for a county office in a county in which there is a city of the first class can only be made by four thousand voters of such county. Independent nominations of candidates for public office other than municipal offices to be voted for in a district less than the whole state, but greater than a town or ward of a city, can only be made by one thousand five hundred voters or

more of the district, except that eight hundred voters or more of an assembly district may make such nomination for member of assembly to be voted for in such district. * * *

" § 123. Independent certificates of nomination. Independent nominations shall be made by a certificate subscribed by the required number of such electors, each of whom shall add to his signature his place of residence and make oath that he is an elector and has truly stated his residence. * *. * The certificate of nomination and each separate paper thereof, if there be more than one such paper, shall contain the following declaration which shall be subscribed by the signers thereof:

" ' We the undersigned duly qualified electors of the district for which the nomination for public office is hereby made under the provisions of sections one hundred and twenty-two and one hundred and twenty-three of the election law do hereby declare that it is our intention to support at the polls the candidacy of the person or persons herein nominated for public office.'

" The certificate shall also contain the titles of the offices to be filled, the name and residence of each candidate nominated, and if in a city, the street number of such residence and his place of buisness, if any; and shall designate in not more than five words the political or other name which the signers shall select, which name shall not include the name of any organized political party. * * *

" No person shall join in nominating more candidates for any one office than there are persons to be elected thereto, and no certificate shall contain the names of more candidates for any office than there are persons to be elected to such office.

" The name of no person signing an independent certificate of nomination shall be counted unless such person shall on one of the days of registration in such year be registered as a qualified elector, and in case a candidate

nominated by an independent certificate of nomination be at the time of filing the said certificate or afterwards the candidate of a political party for the same office the name of no person who is an enrolled member of such political party shall be counted.  *  *  *  If the name of a person who has signed a certificate of independent nomination appear upon another certificate nominating the same or a different person for the same office, it shall not be counted upon either certificate."

The Special Term ordered that a peremptory writ of mandamus issue requiring the defendants to disregard as unconstitutional and void "the insertion by said amendment of the words 'five hundred'" in said section 122, and also to disregard that part of said section 123, as so amended as follows: "The name of no person signing an independent certificate of nomination shall be counted unless such person shall on one of the days of registration in such year be registered as a qualified elector, and in case a candidate nominated by an independent certificate of nomination be at the time of filing the said certificate or afterwards the candidate of a political party for the same office the name of no person who is an enrolled member of such political party shall be counted."

And said order further directed said defendants "in computing the number of valid signatures to any such petition, to include the signature of any qualified voter of Putnam county who either may have registered or shall be qualified to register for said general election whether or not the said voter shall be enrolled as a member of any political party, and whether or not the said voter has or shall have participated in any party primary, and regardless of any nomination which any other political party or independent political party may make for said office, provided only that the signature of no elector shall be counted who has signed independent nominating petitions for more candidates for any one office than there are persons to be elected thereto."

An appeal was taken by the petitioners and said defendants to the Appellate Division of the Supreme Court, where the order of the Special Term was modified by directing said defendants to disregard as unconstitutional and void the insertion in said amendment to section 122 of the words "one thousand five hundred" in place of the words "one thousand" and the words "eight hundred" in place of the words "five hundred" in two places; and also by directing that said defendants compute "the number of valid signatures to any such petition and not to refuse to count the signature of any qualified voter of Putnam county who shall be registered or shall register for said general election if the sole ground for refusal so to count is that the said voter has or shall have participated in any party primary, but the signature of no elector shall be counted who has signed independent nominating petitions for more candidates for any one office than there are persons to be elected thereto," and in all other respects it ordered that the petition be denied as a matter of law and not in the exercise of discretion.

The petitioners and said defendants appeal to this court, and the petitioners claim:

1. That the amendment of section 122 made in 1911, so far as it requires the signatures of one thousand five hundred or more voters to a certificate of independent nomination of a candidate for public office, other than municipal officers, to be voted for in a district less than the whole state, but greater than a town or ward of a city, and the signatures of eight hundred or more voters to a certificate of independent nomination of a candidate for member of assembly to be voted for in such district, are unconstitutional and void, and that the provisions of section 122 of the Election Law, as contained in chapter 17 of the Consolidated Laws, and also section 57 of chapter 909 of the Laws of 1896, and also section 57 of chapter 680 of the Laws of 1892, so far as they direct the number of signatures necessary upon a certificate of independent

nomination of candidates for public office, other than municipal offices, to be voted for in a district less than the whole state, but greater than a town or ward of a city; and the number of signatures necessary upon a certificate for the independent nomination of a member of assembly to be voted for in an assembly district, are each unconstitutional and void, and that said defendants should be directed to proceed in accordance with the directions of section 5 of chapter 262 of the Laws of 1890.

2. That the amendment of section 123 made in 1911 is unconstitutional and void so far as it provides that "The name of no person signing an independent certificate of nomination shall be counted unless such person shall on one of the days of registration in such year be registered as a qualified elector.

3. That the amendment of section 123 made in 1911 is unconstitutional and void so far as it provides "in case a candidate nominated by an independent certificate of nomination be at the time of filing the said certificate or afterwards the candidate of a political party for the same office the name of no person who is an enrolled member of such political party shall be counted."

4. That the amendment of section 123 made in 1911 is unconstitutional and void so far as it provides that "no person shall join in nominating more candidates for any one office than there are persons to be elected thereto."

The defendants insist that this proceeding is prematurely brought and that the courts have no jurisdiction to entertain the proceeding until a certificate for an independent nomination has been presented to them for filing and they as a board have refused to file it. Under the statute certificates for independent nominations cannot be filed earlier than the time prescribed for filing party nominations for the same offices and not later than five days after party nominations for the same offices are required to be filed.

A certificate of a party nomination for a county officer

or a member of assembly must be filed at least twenty-five and not more than thirty-five days before the election for which the nominations are made. The courts have not infrequently condemned efforts by persons to obtain from them decisions upon abstract and academic questions. Ordinarily the courts will not assume jurisdiction to decide questions in advance of some action taken or refused actually involving the rights of persons interested in the question sought to be determined. Where private interests only are involved the propriety of refusing such jurisdiction cannot be reasonably denied. If a question presented in an action or proceeding relates to the duties of public officers in matters of a public nature the same reason for a refusal to take jurisdiction does not always exist. In this case a refusal to entertain the proceeding might and probably would result in the failure of the action of the court being of any practical avail. It appears that the organization represented by the petitioners has not been in existence a sufficient length of time to enable it to have a standing as a party organization within the terms of the statute. The organization intends to make independent nominations and one of the defendants has stated that the election board will comply with the terms of the amendments to the Election Law made in 1911. If this proceeding is not entertained it may result in preventing such independent nominations. The situation is exceptional and extraordinary. The proceeding should be entertained, although it is not intended as a precedent in cases between individuals as such or in any case except where the facts and circumstances are equally exceptional and extraordinary. (See the action of this court in *Matter of Hopper* v. *Britt,* 203 N. Y. 144; *Matter of Hopper* v. *Britt,* 204 N. Y. 524, and also of the court in *State ex rel. Morris* v. *Wrightson,* 56 N. J. L. 126.)

Questions relating to the right of electors to have equality of opportunity so far as practicable for the nom-

ination of candidates for public office and for casting ballots for such nominees have frequently been before this court and a reference to some of the recent decisions upon such rights is all that is necessary in this opinion.

It is clear that the otherwise plenary power granted to the legislature to prescribe the method of conducting elections cannot be so exercised as to disfranchise constitutionally qualified electors, and any system of election that unnecessarily prevents the elector from voting, or from voting for the candidate of his choice, violates the Constitution. (*Matter of Hopper* v. *Britt*, 203 N. Y. 144; *Matter of Hopper* v. *Britt*, 204 N. Y. 524.)

The franchise of which no "member of this state" may be deprived is not only the right of citizens who possess the constitutional qualifications to vote for public officers at general and special elections, but it also includes the right to participate in the several methods established by law for the selection of candidates to be voted for. (*Matter of Burke* v. *Terry*, 203 N. Y. 293. See *People ex rel. Coffey* v. *Democratic General Committee*, 164 N. Y. 335, 349; *Matter of Callahan*, 200 N. Y. 59.)

In the county of Putnam the average total vote at general elections is a little over three thousand. In Schuyler and Yates counties it is less than four thousand in each county, while in Hamilton county the average vote is about twelve hundred or at most less than fifteen hundred.

A statutory provision requiring the signatures of fifteen hundred or even one thousand voters to entitle a person to file a certificate for independent nominations is in view of the total number of voters in some of the counties of the state manifestly unreasonable as a matter of law and the unconstitutionality of the requirement is so clear that it does not make necessary any discussion of that question by us. Such requirement shocks the sense of justice and compels the conclusion that the statute was intended as a prohibition.

We think the same may be said of the requirement for

eight hundred signatures to a certificate for the independent nomination of a member of assembly. The great difference in the population of the several counties of the state shows that the requirement for a specified number of signatures in each county or district, regardless of the number of voters therein, cannot be just to all interested in each county or district, and as has been frequently said a requirement of a percentage of the number of voters in each county or district would result more satisfactorily and justly.

The form of the statute under consideration requires us to consider its provisions with reference to its effect upon the less populous counties or districts. We are also of the opinion that in declaring section 122 of the Election Law relating to the number of signatures required for independent nominations unconstitutional and void, it is necessary for us to consider in that particular the constitutionality of the statutes existing prior to the amendments of 1911. The number of persons required to sign independent certificates of nomination has been increased from time to time by the statutes. We find by considering the prior statutes that in the act of 1896 five hundred signatures to a certificate of independent nomination was required for member of assembly, and a like number for county officers was required by the act of 1892. Such number, although larger than required in the other states of the Union, and larger than deemed reasonable by many persons, cannot be said by us to be prohibitory as a matter of law. The petitioners have practically assented to such number as not being unreasonable and prohibitory by asking in their petition "that the board of election be directed to print upon the ballot for the general election to be held November 5, 1912, 'in the party ticket or column of the National Progressive Party the name of any candidate for a county office or for the assembly who shall be nominated by a petition signed by five hundred or more qualified voters of Putnam county.'"

We are of the opinion that the statutes existing prior to the amendments of 1911 should in turn be declared unconstitutional and void so far as they require more than five hundred signatures to a certificate of nomination for county officers or for a member of assembly.

This court has no power to prescribe the number of voters for independent nominations, but having held that the statutes which require an excessive number of signatures to an independent certificate are unconstitutional and void, we must go back to the first law on the subject which, in our opinion, complies with the requirements of the Constitution. This leads back in each case to a statute requiring not more than five hundred signatures to a certificate of independent nomination for candidates for public office other than municipal offices to be voted for in a district less than a whole state, but greater than a town or ward of a city.

It is claimed that the provisions of section 123 of the Election Law, as amended in 1911, were inserted by the legislature to prevent fraud and to avoid independent nominations being improperly used to aid party candidates.

The provision that no person signing an independent certificate of nomination shall be counted unless such person shall on one of the days of registration in such year be registered as a qualified elector, doubtless tends to prevent fraud and to make more certain the good faith of the persons seeking to present to the voters independent candidates for office. The fact that it may make necessary a few additional signatures to such certificate of independent nomination to guard against the failure of some of the signers registering as qualified voters is not sufficiently onerous, so long as the number required to sign such certificate of independent nomination is reasonable, to require that the courts shall declare such provision unconstitutional and void.

A person signing an independent certificate of nomination should be counted if he registers in such year either

before or after signing such certificate. (*People ex rel. Steinert* v. *Britt,* 146 App. Div. 683.)

We are also of the opinion that the provision which requires that in case a candidate named by an independent certificate of nomination be at the time of the filing of such certificate or afterwards a candidate of a political party for the same office, no person who is an enrolled member of such political party shall be counted, is not an unreasonable provision. This provision of the Election Law does not prevent "bolting" the candidate of a political party by an enrolled member, but tends to prevent a wrongful use of independent nominations. It does not prevent an enrolled member of such political party from taking part in an independent nomination of a person other than the one nominated by his party.

There is no objection to construing the provision that no person shall join in nominating more candidates for one office than there are persons to be elected thereto, as only intended to prevent an elector from signing two independent nominating petitions for the same office and as so construed it is not unreasonable.

The order of the Appellate Division modified so as to direct that mandamus issue to the board of elections, commanding it to receive certificates of nomination for public office other than municipal offices, to be voted for in a district less than the whole state, but greater than a town or ward of a city, and also for candidates for member of assembly, when signed by five hundred voters qualified as prescribed by statute; in other respects the order is affirmed, without costs to either party. Order to be settled before CHASE, J.

CULLEN, Ch. J., HAIGHT, VANN, WILLARD BARTLETT and COLLIN, JJ., concur; HISCOCK, J., not sitting.

Ordered accordingly.