"4. Resistance wilfully offered to its lawful mandate."

I think the appellant violated neither of these provisions.

The order should, therefore, be reversed and the proceeding dismissed.

All concurred.

Order reversed upon questions of law and fact, and proceeding dismissed.

---

In the Matter of the Petition of WILLIAM CURTIN, Appellant, *v.* THOMAS E. DENTON, City Clerk of the City of Mount Vernon, and JAMES A. BLANCHARD and Others, Respondents.

Second Department, April 11, 1918.

Intoxicating liquors — local option — qualification of women to sign petition under chapter 624 of the Laws of 1917 — failure to register at time of signing — elections — registration — function of board or officer acting upon petition filed under chapter 624 of the Laws of 1917.

Women qualified by section 1 of article 2 of the State Constitution, as amended, to vote, are qualified to sign a petition for the submission of local option questions under chapter 624 of the Laws of 1917, although not registered at the time of the signing.

Registration does not qualify the voter; it ascertains the place where the vote may be cast and the right of the person to cast it in such place.

It is not the function of the board or officer who is to act upon the petition filed under chapter 624 of the Laws of 1917, to determine whether the

signers were qualified electors at the time of the signing, as section 10 of said chapter declares that the petition shall be *prima facie* evidence that the signers were so qualified.

APPEAL by the petitioner, William Curtin, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 3d day of April, 1918, denying his motion to have declared void a certain petition filed in the office of the city clerk of Mount Vernon for the submission of certain local option questions to the voters of said city.

*William J. Fallon,* for the appellant.

*Arthur M. Johnson,* for the respondents James A. Blanchard and others.

THOMAS, J.:

On May 22, 1917, chapter 624 of the Laws of that year became a law, known as the City Local Option Law (Consol. Laws, chap. 68). Its broad purpose was to declare what should constitute " local option territory," and to prescribe procedure for the submission of local option questions to qualified voters, and also to provide for submission to the qualified voters of the city of New York the question whether such city should become local option territory as all other cities of the State were declared to be. The third Tuesday in April of any year was established as the date of submission or referendum, which of course included the year 1918. But a condition of such submission is a petition " signed by qualified electors of such city to the number of twenty-five per centum of the votes cast in the city at the preceding general election." The large question involved in this appeal is whether women qualified by the Constitution of the State to vote (Art. 2, § 1, as amd. by resolution [Laws of 1917, p. 2784] approved at the general election of 1917) are qualified to sign the petition unless registered at the time of the signing. Women could not register for the general election of 1917, but by virtue of chapter 7 of the Laws of 1918 (adding to Election Law, § 151a) could register on the second Friday (April fifth) and second Saturday (April sixth) before the

election on the following third Tuesday of April (April six-
teenth). But the petition must be filed at least thirty
days before election. (Laws of 1917, chap. 624, § 7.) Hence,
if an unregistered voter, otherwise qualified under the Con-
stitution and laws, must have the additional qualification of
registration when she signs the petition, she must be rejected
as a person who is not a qualified elector. The proposition
on its face begets distrust. When the City Local Option Law
of 1917 became a law on May 22, 1917, the Senate on March
twelfth an the Assembly on February twentieth of the
same year had passed the concurrent resolution conferring
on women the right to vote and for submission of the same to
the people at the following general election. And yet it is
argued that on May twenty-second the Legislature did not
intend that women could initiate during the following year
an election for local option purposes in case the concurrent
resolution should be approved. That would exclude a large
body of the voters. If the right to cause such an election
to be held is committed to qualified voters, no elector may
be excluded from the common opportunity. (*People ex rel.
Hotchkiss* v. *Smith,* 206 N. Y. 231, 242.) A qualified elector
is a qualified signer. The Constitution declares the qualifica-
tion of a voter, and the very Legislature that passed this
local option act had declared that every citizen of prescribed
age and residence " shall be entitled to vote * * * upon
all questions which may be submitted to the vote of the
people." Moreover, chapter 8 of the Laws of 1918 (amending
§ 162 of the Election Law), which became a law on February
19, 1918, provides: " A person is a qualified voter in any
election district for the purpose of having his or her name
placed on the register if he or she is or will be on the day
of election qualified to vote at the election for which such
registration is made. A qualified voter is a citizen who is
or will be on the day of election twenty-one years of age,
and who has been an inhabitant of the State for one year next
preceding the election, and for the last four months a resident
of the county, and for the last thirty days a resident of the
election district in which he or she offers his or her vote."
The women signing the petition are qualified to vote on election
day, and so they are qualified to be registered. Registration

does not qualify the voter. It ascertains the place where the vote may be cast and the right of the person to cast it in such place. The Constitution (Art. 2, § 4) provides: " Laws shall be made for ascertaining, by proper proofs, the citizens who shall be entitled to the right of suffrage hereby established, and for the registration of voters; which registration shall be completed at least ten days before each election." Proof of the right of suffrage is one thing; registration is another. The right to vote flows from the supreme law of the State and is qualified as specified in section 1 of article 2 of the Constitution, and proof of such right may be required. (Art. 2, § 4.) Registration concerns the locality where the right may be exercised. A vice of the appellant's argument is that a qualification by registration to vote in the district where he offers his vote also qualifies his right of suffrage. It is true that at the time of registration proof is taken of the right of suffrage, but it creates and qualifies no right. Section 9 of chapter 624 of the Laws of 1917 in question is: " Proceedings may be instituted and maintained to contest the validity, sufficiency or legality of any such petition, in the manner provided by the Election Law, as though such petition were. a certificate of nomination." As to such certificate the statute is: " The name of no person signing an independent certificate of nomination shall be counted unless such person shall on one of the days of registration in such year be registered as a qualified elector." (Election Law [Consol. Laws, chap. 17; Laws of 1909, chap. 22], § 123, as amd. by Laws of 1911, chap. 649, and Laws of 1916, chap. 537.) But it has been interpreted that if the electors subscribed before the time for registration had expired, they had the necessary qualifications to join in an independent nomination. (*People ex rel. Hotchkiss* v. *Smith,* *supra,* 244.) When the present petition was signed, the days of registration had not yet come. It is true in the present instance that upon the arrival of the registration days it would be too late to file a new or amended petition. Hence, if the requisite signers should not register, it may be urged that the election might fail. But it is not the function of the board or officer, who is to act upon the petition filed, to determine whether the signers were qualified electors at the

time of signing. The act (Laws of 1917, chap. 624, § 10) declares that the petition shall be *prima facie* evidence that the signers were so qualified. If some one comes forward to contest and seeks decision before the expiration of the registration days, it is sufficient answer that he is premature in his accusation of illegality. The State has instituted methods and there is no occasion to question their convenience or propriety. It is urged that only voters of the sex that voted at the preceding election may join in the petition, and that the Legislature had so intended. What has been said relates to that question. Moreover, the law does not heed additions to the electorate, whether from accretion by individuals arriving at majority, or collective enfranchisement.

The order should be affirmed, with ten dollars costs and disbursements.

JENKS, P. J., RICH, PUTNAM and BLACKMAR, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.