In the Matter of the Application of RUSSELL M. KRUPPENBACHER for the Relief by a Peremptory Order of Mandamus or Otherwise against PETER M. DALY and Others, Constituting the Board of Elections.*— Order modified by providing that on the motion of Russell M. Kruppenbacher the board of elections be directed not to print the name of Herbert A. O'Brien on the ballot as a nominee for City Court judge in the borough of Queens on the " Recovery Party " ticket, and denying said Kruppenbacher's motion to direct the board of elections not to print the name of Peter M. Daly as a candidate for City Court judge of the borough of Queens on the " Recovery Party " ticket, and denying the cross-motion of Herbert A. O'Brien to direct the board of elections not to print the name of Peter M. Daly as a candidate for City Court judge of the borough of Queens on the " Recovery Party " ticket; and as so modified affirmed, without costs. Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ., concur.

In the Matter of the Application of JOSEPH REIS, HENRY BAUM and JOSEPH F. COUFAL, Individually and as Chairman of the City Fusion Party for the Sixth Assembly District of the Borough of Queens, Petitioners, for a Mandamus Order against S. HOWARD COHEN and Others, Constituting the Board of Elections of the City of New York.†— Order directing the board of elections to accept and file in its office 900 odd signatures designating Henry Baum as candidate for the Assembly in the sixth Assembly district of the City Fusion party and Joseph Reis as candidate for alderman in the fifty-ninth aldermanic district of the City Fusion party, nunc pro tunc as of the 10th day of October, 1933, reversed on the law and the facts and the motion denied. The provision for filing is mandatory, and in any event the failure to file in time is not adequately excused. To sustain the petition herein in the absence of even a tender of the signatures to the board of elections would result in utter confusion, especially in the light of section 142 of the Election Law, which fixes the time within which objections to petitions or certificates of designation or nomination may be filed. Possible objectors would have no notice of the filing of the additional 900 signatures, permitting the designations to go unchallenged, if, in fact, they are defective. (Matter of King, 155 App. Div. 720; Matter of Mitchell v. Boyle, 219 N. Y. 242; People ex rel. Steinert v. Britt, 146 App. Div. 683; Election Law, §§ 140, 142.) Kapper, Hagarty and Carswell, JJ., concur; Lazansky, P. J., and Young, J., dissent on authority of Matter of Darling (189 N. Y. 570).