In the Matter of THOMAS J. McMANUS, Petitioner, against BOARD OF ELECTIONS OF THE CITY OF NEW YORK, Respondent.

Supreme Court, Special Term, New York County, July 30, 1945.

*Bernard Jacobson* for petitioner.

*Ignatius M. Wilkinson, Corporation Counsel (Russell Lord Tarbox* of counsel), for respondent.

NULL, J. The petitioner, a resident of the county of New York, alleges that from March 4, 1942, until July 21, 1945, he was on active military duty in the Army of the United States. From December 12, 1942, up to and including July 2, 1945, his military activities were performed beyond the continental limits of the United States. In the general election of 1944 he voted by war ballot mailed from Italy, presumably pursuant to article 12 of the Election Law. The petitioner asserts that prior to his induction into the military service, he had enrolled regularly in the Democratic Party and had voted regularly in primary elections. On July 24, 1945, three days after his discharge from the Army of the United States, the petitioner applied in person to the Board of Elections of the City of New York to be enrolled in the Democratic Party in order to qualify as a voter in the primary election to be held on July 31, 1945. His application was denied on the ground that by virtue of the provisions of subdivision 1 of section 184 of the Election Law, the time for enrollment had expired on the thirtieth day preceding the primary.

The facts set forth by the petitioner are not controverted and except upon the issue of enrollment there is no challenge to his qualifications as an elector.

The constitutional right to vote in a primary election is no less fundamental than the right to vote in a general election (*People ex rel. Hotchkiss* v. *Smith,* 206 N. Y. 231, 242). To vote in a primary election, necessarily, one must enroll with a political party. Not to make reasonable provision for enrollment is to deprive citizens otherwise qualified of their right to participate in the selection of the candidates of the political party of their choice.

The petitioner, who was absent from his residence in the actual military service of the United States, could not have enrolled at the time of registration in 1944, pursuant to section 171 of the Election Law. Nor was provision made for enrollment under article 12 of the Election Law, pursuant to which the petitioner registered and voted by war ballot in the general election of 1944. Similarly, not having been discharged from the armed forces until July 21, 1945, he was prevented from applying for enrollment prior to the expiration of the thirtieth day before the coming primary, in compliance with subdivision 1 of section 184 of the Election Law.

In these circumstances I am of the opinion that subdivision 1 of section 184 of the Election Law constitutes no bar to the petitioner's right to be enrolled. The limitations of time prescribed cannot be applied to the petitioner, who by virtue of his military service was incapable of complying with its requirements.

The legislative power to prescribe the method of conducting elections and providing against abuses may not be exercised so as to disenfranchise constitutionally qualified voters (N. Y. Const., art. I, § 1; *Matter of Hopper* v. *Britt,* 203 N. Y. 144).

The petitioner has been diligent and his application was timely made. Accordingly, the petition is granted. Settle order on three hours' notice.