In the Matter of DAVID F. DALY, Petitioner, against ARCHIE D. GIBBS et al., Constituting the Board of Elections of Chenango County, et al., Respondents.

Supreme Court, Special Term, Chenango County, September 27, 1946.

*Willis D. Morgan* for petitioner.

*Blanche K. Wilcox,* as Commissioner of Elections, respondent in person.

*Thelma Fuller,* as Town Clerk, respondent in person.

*John T. Smith* for Taxpayers' Local Option Committee, *amicus curiæ.*

*Nellie Gordon* for Alan Douglas and others, constituting the Local Option Committee, *amici curiæ.*

Deyo, J.  By this proceeding the petitioner seeks to restrain the Commissioners of Election and the Town Clerk from submitting certain questions relative to local option to the voters of the town of Afton at the next general election.

The first ground assigned is that the local option petition which was filed August 24, 1946, was not filed within the time prescribed by section 141 of the Alcoholic Beverage Control Law and subdivision 17 of section 314 of the Election Law.  Sec-

tion 141 provides that such petitions shall be filed " Not less than forty-five days nor more than sixty days before the general election * * *." The first date to file was therefore September 6, 1946. Subdivision 17 of section 314 of the Election Law provides: " Notwithstanding any provision of article nine of the Alcoholic Beverage Control Law or of any other law or statute to the contrary, a petition for local option in cities or towns to be submitted in the general election to be held in the year nineteen hundred forty-six may be filed not later than September sixth." Obviously, subdivision 17 of section 314 of the Election Law was intended by the Legislature and did in fact, supersede section 141 of the Alcoholic Beverage Control Law as to the last date for filing. However, I find nothing therein contained which would warrant a conclusion that there was any intention to vary the first date for filing. The fact that their net result is that there is only one date on which local option petitions may be filed during the current year seems to me to be immaterial. The petition was therefore offered for filing prior to the date fixed by law, and the commissioners would have been within their rights in refusing to accept it. This they did not do and thus, those submitting the petition were lulled into a false belief that all was well and were deprived of an opportunity to again offer their petition on the proper and appointed day. I am fully aware that time is usually the essence in election matters, and that provisions relating to the filing of petitions are generally considered mandatory. (*Matter of Feldman* v. *Bd. of Elections in City of N. Y.*, 252 App. Div. 276; *Matter of Reis* v. *Cohen*, 240 App. Div. 854, affd. 262 N. Y. 705.) All of the cases which have come to my attention, however, have to do with petitions offered subsequent to the last date of filing I find no reported case dealing with earlier filing, where the situation seems to me to be obviously different. The petition filed on August 24th continues to be " filed " on September 6th, while a petition filed on September 7th cannot, by any stretch of the imagination, be held to have been filed at some earlier date. Furthermore, even in the case of late filing, the courts have on occasions and in the exercise of their discretion given relief from excusable default. (*Matter of Lauer* v. *Bd. of Elections*, 262 N. Y. 416; *Application of Zichello*, 50 N. Y. S. 2d 48.)

In the instant case the proponents of the petition were certainly not to blame because the commissioners accepted the petition before the due date, and it does not appear that anyone was harmed or that the election machinery was disrupted thereby. I hold, therefore, that this objection is without merit.

The second objection has to do with the form of the authenticating affidavit which is governed by section 135 of the Election Law. This section was twice amended during the 1946 session of the Legislature. Chapter 84 of the Laws of 1946, effective March 1, 1946, amended the sentence in such affidavit " The said residence *is* in the ———— (fill in number) election district ", etc. to read " was *then* in the ———— (fill in number) election district ", etc. Chapter 510 of the Laws of 1946, effective April 5, 1946, omitted an entire earlier sentence from the affidavit and re-enacted the sentence under consideration with the verb in the present tense as before. The affidavit in question uses the past tense " was then " and hence, on its face, does not exactly comply with the wording prescribed by the last pronouncement of the Legislature. The form of an authenticating certificate must substantially comply with section 135 of the Election Law. (*Matter of Crosbie* v. *Cohen*, 281 N. Y. 329; *Matter of Foote* v. *Lee*, 175 Misc. 60.)

The first inquiry, therefore, is what were the requirements of this section when the petition was filed, which involves a question of statutory construction and interpretation. Section 100 of the General Construction Law provides: " No provision of any chapter of the consolidation of the general laws, of which this chapter is a part, shall supersede or repeal by implication any law passed at the same session of the legislature at which any such chapter was enacted, or passed after the enactment of any such chapter and before it shall have taken effect; and an amendatory law passed at such session or at any subsequent session begun before any such chapter takes effect, shall not be deemed repealed, unless specifically designated in the repealing schedule of such chapter."

The legislative history of these two chapters clearly shows that there was no legislative intention to revert to the present tense. According to the Legislative Index, both of these measures were introduced in the Senate on the same day, January 22, 1946, by the same man. Chapter 84 had for its purpose the requirement that a witness to a petition should state his residence at the time of his last registration instead of his present address. The words to be added to accomplish the purpose " was then " appear in italics. Chapter 510 had for its purpose the elimination of the requirement that the witness state in his affidavit his present election district, and the entire preceding sentence was omitted to accomplish such purpose. Unfortunately, the word " is " was retained, but it does not appear in italics to evidence an intended amendment. (See N. Y. Legislative Index 1946; L. 1946, chs. 84, 510.) Since the two

measures were introduced simultaneously by the same individual, the petitioner's argument that the latter chapter was intended to undo what the earlier chapter had accomplished falls of its own weight. The Attorney-General's study of the problem raised by these two measures set forth at length in the brief submitted by the attorney for the Local Option Committee, reaches this same conclusion and advises that the use of the words " was then " is proper. In any event, I would not consider the variance to be substantial enough to warrant voiding the petition.

For the foregoing reasons I hold that the petition in question substantially complies with the provisions of section 135 of the Election Law, and was properly filed in accordance with subdivision 17 of section 314 of said Law and section 141 of the Alcoholic Beverage Control Law.

The title to the proceeding is amended by substituting Blanche Wilcox for Emma Brown, as Commissioner of Election, and the proceeding is dismissed, without costs.