In the Matter of BENJAMIN J. DAVIS, Appellant, against BOARD OF ELECTIONS OF THE CITY OF NEW YORK et al., Respondents.

First Department, October 14, 1958.

David M. Freedman of counsel (Freedman & Unger, attorneys), for appellant.

Abraham J. Gellinoff of counsel (James J. Leff and Richard T. Levy with him on the brief; Abraham J. Gellinoff, attorney), for respondents.

*Per Curiam.* Section 138 of the Election Law makes provision for the nomination of candidates for public office by independent petition and prescribes the requirements therefor. The crucial issue in this case is whether the requirement contained in section 138, that a signer must have registered in the last general election, is constitutional. In *People ex rel. Hotchkiss* v. *Smith* (206 N. Y. 231) the Court of Appeals laid down certain fundamentals with respect to the right of a qualified voter to participate in designating candidates of his choice, saying (p. 242):

" It is clear that the otherwise plenary power granted to the legislature to prescribe the method of conducting elections cannot be so exercised as to disfranchise constitutionally qualified electors, and any system of election that unnecessarily prevents the elector from voting, or from voting for the candidate of his choice, violates the Constitution. (*Matter of Hopper* v. *Britt,* 203 N. Y. 144; *Matter of Hopper* v. *Britt,* 204 N. Y. 524.)

" The franchise of which no ' member of this state ' may be deprived is not only the right of citizens who possess the constitutional qualifications to vote for public officers at general and special elections, but it also includes the right to participate in the several methods established by law for the selection of candidates to be voted for. (*Matter of Burke* v. *Terry,* 203 N. Y. 293. See *People ex rel. Coffey* v. *Democratic General Committee,* 164 N. Y. 335, 349; *Matter of Callahan,* 200 N. Y. 59.) "

At the time that case was decided, a person signing a petition for the independent nomination of a candidate was required to be registered — " on one of the days of registration, in such year " — meaning the year in which the proposed candidate would be voted upon. The court held (p. 244): " The provision that no person signing an independent certificate of nomination shall be counted unless such person shall on one of the days of registration in such year be registered as a qualified elector, doubtless tends to prevent fraud and to make more certain the good faith of the persons seeking to present to the voters independent candidates for office."

Effective April 17, 1954, however, the law was changed to provide that, " The name of a person signing such a petition for an election * * * shall not be counted if such person was not registered at the time of the last preceding general election as a qualified voter ". (See Election Law, § 138, subd. 6, as amd. by L. 1954, ch. 745.)

We believe that this requirement with respect to voters who had an opportunity to register for the general election of the preceding year is not an unreasonable one. One who fails to exercise his right to register at the previous general election thereby preserving his privilege to sign a petition for an independent nomination during the following year, should have no right to complain that he did not take advantage of the opportunity. Voting is not only a privilege — it is a duty, and a voter should not be permitted to make capital of his own delinquency. The loss of such a voter's right to sign an independent petition is of his own making.

A different situation is presented with respect to first voters, i.e., those who were not qualified to register for the general election in the preceding year. In that class would be those who had reached the voting age during the current year and also those who were naturalized or who established their residence requirements during that year. The provision under attack in effect makes it impossible for them to participate in the nomination of candidates for office on independent petitions and thereby runs afoul of the general principles quoted above from the case of *People ex rel. Hotchkiss* v. *Smith* (*supra*). It should be noted that section 187 of the Election Law makes special provision for such voters to enroll anytime after the first day of January in any year and by so doing enables them to participate in the primary elections of recognized parties. To the extent that no provision is made for such voters as prefer to sign independent petitions the statute is discriminatory.

However, the record in the case before us does not indicate that those whose names were stricken from the petition were in that class. No such contention is made and therefore petitioner cannot be aggrieved on that score. On the contrary the petition expressly states and represents that each of the signers was registered to vote at the time of the last preceding general election. The board of elections found that statement to be untrue and therefore was within its powers in declaring void the signatures of those persons who had not so registered. Accordingly the order appealed from should be affirmed, without costs.

BREITEL, J. P., RABIN, VALENTE, McNALLY and BASTOW, JJ., concur.

Order unanimously affirmed, without costs.