Kenneth S. MacAffer, J.
On or about the 9th day of September, 1958, an independent nominating petition of the Independent-Socialist party, an independent body, was duly filed in the office of the Secretary of State of the State of New York containing 26,323 signatures and designating certain individuals as candidates for nomination for public office to be voted for at the general election to be held on the 4th day of November, 1958 for certain State offices.
On or about the 19th day of September, 1958, proceeding No. 2 was instituted and on or about the 22nd day of September, 1958, proceeding No. 1 was instituted, both of which proceedings were returnable at the Special Term of the Supreme Court to be held in and for the County of Albany on the 26th day of September, 1958. Thereafter such proceedings were adjourned until such time as the Secretary of State had made a determination with respect to the aforesaid nominating petition. On or about the 9th day of October, 1958 the Secretary of State rendered his determination rejecting the aforesaid petition on the ground that the same was insufficient and invalid and that the specifications of objections filed had been upheld. These proceedings have now regularly come on for trial at this Trial Term of court.
The Secretary of State enumerated in his determination of October 9, 1958 that the petition was rejected by reason of the failure to procure at least 50 valid signatures in the Counties of Schoharie, Wayne and Yates. (Election Law, § 138, subd. 5, par. [a].)
The petitions involved in this proceeding contained the names of voters residing in rural election districts and in which dis *516 tricts personal registration is not required. Sections 157 and 166-a of the Election Law provide the procedure for such registration. Section 198 provides for the casting of ballots in such districts. In the districts in controversy the name of the voter is copied over year to year by the inspectors of election, and the voter is not required to appear prior to election day. These names are copied on the register by reason of the fact that the voter voted at the previous election or to the knowledge of the inspectors still resides within the election district. An inspection of the pages of the books of registration, admitted in evidence, in certain districts in Schoharie County discloses that in many instances no addresses were inserted and in some instances ditto marks were used to designate the address. It is apparent that the voter himself did not furnish the address as reported by the inspectors of election. The only time that the voter in such a district is required to sign his name is at the time of voting and the only use of such signature is at the time of voting the primary election.
The record discloses that there were filed from Wayne County petitions (consisting of Nos. 1643-1659) bearing the names of 135 people, of which number the Secretary of State sustained objection to 92, leaving 43 valid signatures. Included in the 92 disallowed were 26 signatures which were disallowed by reason of an alleged material alteration in the ‘ statement of witness. ’ ’ Of this 26 it was conceded by the petitioners that 12 were not valid, not by reason of the alleged material alteration of the ‘ ‘ statement of witness ’ ’ but by reason of nonregistration of the signators and other objections. The petitioner, however, contends that 14 of these signatures are valid signatures and should be given such status in computing the number of valid signatures filed. No further objection was sustained by the Secretary of State to those 14 signatures. If, therefore, the contention of the petitioners is-upheld the petitions would contain 57 valid signatures in that county.
In the County of Yates petitions bearing 136 signatures were filed (consisting of Nos. 1703-1721), of which the Secretary of State sustained objection to 87 leaving 49 valid signatures. With respect to the 87 signatures disallowed 64 were rejected on the ground that the “ statement of witness ” had been materially altered. Of the 64 signatures rejected for that reason it was conceded that 16 thereof were invalid for other reasons stated as nonregistration, etc. It is contended by the petitioners that 48 thereof are valid. No further objection was sustained by the Secretary of State to those 48 signatures. If, therefore, the *517 contention of the petitioners is sustained the petitions would contain 97 valid signatures in that county.
The question of alleged material alteration in the ‘ ‘ statement of witness ” is also involved with respect to the petitions filed for Schoharie County.
On pages 1646, 1648, 1650 and 1656 of the petition containing signatures of residents of Wayne County, and on pages 1703, 1706,1708,1713,1718,1719,1720 and 1721 containing signatures of residents of Yates County, the “ statement of witness ” contained on the petitions as filed reads as follows, except that the names and the addresses, etc. of the subscribing witnesses may differ, but they are the same in form:
‘ ‘ STATEMENT OF WITNESS
‘ ‘ I, morris zuckoff, state: I am a duly qualified voter of the Name of Witness
State of New York, and now reside in the city, town or village of N. Y. , in the county of N. Y. , in such state, at
98 Attorney St. therein. I was last regis-
(Street, house number and post office)
tered for the general election in the year 1957 from same *
98 Attorney St. in the City of N. Y. in the county of New (Street, house number and post office)
York in such state. The said residence was then in the 23 election district of the 4 assembly district or ward. I know each of the voters whose names are subscribed to this petition sheet containing 10 signatures and each of them subscribed the same in my presence and upon so subscribing declared to me that the foregoing statement, made and subscribed by him, was true.
MORRIS ZUCKOFF (Signature of Witness)
Page 1646
Date: August 4,1958. ’ ’
These petitions were not executed before a Notary Public and the individuals circulating these petitions signed the same as subscribing witnesses as provided by section 138 (subd. 3) of the *518 Election Law. There is no proof of fraud and there is nothing before the court except the question of law as to whether such change was a material alteration of the petition.
On the pages of the petition, heretofore set forth, it is apparent that the word “ same ” was first inserted so that that sentence read: “ I was last registered for the general election in the year 1957 from ‘ same ’ in the City of N. Y. in the county of New York in such state.”,- and thereafter the word “ same ” was struck by running a line through it and “ 98 Attorney St. ” inserted therein. The address “ 98 Attorney St.” had appeared in the preceding sentence and there was no question of the address to which the word “ same ” referred. This court does not believe that such an alteration was material and concludes that it was merely an explanation for the statement of the address to which the word “same ” had alluded or indicated. This court does not believe that this type of alteration comes within the purview of the decision of the Court of Appeals in Matter of Warsoff v. Cohen (289 N. Y. 108).
In Matter of Savoia (65 N. Y. S. 2d 18) changes had been made in the space provided for the insertion of the date opposite the signature of the signatory of the petition by striking out the figure “ 8 ” and writing in “ Aug.” to designate the month of August. The court there held that such a change was not a material alteration of the petition and that the petition was not invalidated thereby.
The court there stated in part (pp. 19-20): “ The Court finds that there was no alteration which invalidates the petition under the statute. Nothing has been done to place the intention of the signers in doubt. Their desires and intentions have been clearly expressed. The purpose of the statute is to protect the voter in the exercise of his franchise and no trivial matter should be permitted to defeat this purpose.”
This court concludes that the changes were not material alterations and were not fatal to the validity of the petitions and that the Secretary of State was in error in his determination in rejecting such petitions on the ground that such change was a material alteration.
This court, therefore, concludes that the names contained on said petitions to which no other objection has been made are valid signatures and should be counted as such.
This court, therefore, determines that there were filed from Wayne County petitions containing 57 valid signatures and from Yates County petitions containing 97 valid signatures.
In Schoharie County, the Secretary of State rejected page 1368 of the petition which contained 10 signatures on the ground that *519 there had been a material alteration in the “ Statement of Witness.” The change in that instance was that in the recital as to the residence of the subscribing witness the initials “ N. Y. ” were stricken and the words New York ” inserted above and again in the recital stating where the subscribing witness was last registered the initials “ N. Y. ” were stricken and the words “ New York ’ ’ inserted above. This court, in accordance with the determination heretofore made, determines that such changes were not material alterations and concludes that the 10 signatures contained therein, except as to those 4 to which there are specific objections which will be discussed later in this decision, should be considered valid signatures.
The ‘ ‘ Statement of Witness ’ ’ on page 1358 of the petition shows that there was a change in the statement of the number of signatures by striking out the figure 6 ” and inserting the figure “5 ”, and on page 1360 there was a change on the “ Statement of Witness ” form by striking out the figure “ 6 ’ ’ referring to the number of signatures and inserting* the figure “ 10.” The Secretary of State rejected both of these petitions on the ground that there was a material alteration in the “ Statement of Witness.” The petitioners contend that such ruling was erroneous. This court determines that the ruling* of the Secretary of State should be sustained, as the change in the number of the signatures to which the subscribing witness certified is a material alteration which invalidates each of the signatures contained on said pages of the petition.
Pages 1353, 1362, 1366 and 1369 were signed by Sharon Finer as the subscribing witness. In her statement she stated her address and that such residence was in the 55th Election District of the 4th Assembly District of the City of New York. The signatures contained on these enumerated sheets were rejected • by the Secretary of State on the ground that the witness, Sharon Finer, does not reside and did not reside at the time she procured the signatures, in Election District No. 55 of the 4th Assembly District of the City of New York but that she resided in the 52d Election District. It was conceded that in 1956 this subscribing witness, residing at her present address, was a resident of the 55th Election District and that the said district was changed to the 52d Election District. This change in districts occurred in New York City and became effective on or about October 1,1957.
In the case of Sussman v. Power, determined at a Special Term of the Supreme Court in Kings County and affirmed (6 A D 2d 997) and affirmed by the Court of Appeals (5 N Y 2d 752), a *520 similar question with reference to the change in election districts in New York City was involved.
The Special Term held that such changes in districts should have been made prior to July 1, 1957 (Election Law, § 64, subd. 2) and that confusion resulted by reason of the fact that the change in the districts did not take effect until October 1, 1957, with the result that many people registered in an incorrect district and many people voted in the same district in November, 1957, but that the number thereof had been changed.
In the Sussman case, the Court of Appeals sustained by affirmance without opinion the determination of the Special Term that the subscribing witnesses who registered in 1957 were not covered by the altered election districts of 1957 and properly gave their 1956 election districts.
This court, therefore, concludes that the failure of the subscribing witness, Sharon Finer, to designate the proper election district was not fatal to the signators who had signed such petitions and that the whereabouts of the subscribing witness was easily ascertainable as she had not changed her address and inquiry at the Board of Elections would have disclosed the change in her election district number. The purpose of this requirement in the law is that the subscribing witness may be readily identified and located. The error did not in any way prejudice the rights of any of the parties to the proceeding.
This court, therefore, concludes to overrule the objection sustained by the Secretary of State with respect to these petitions and deems the signatures thereon valid, except those to which there may be specific objections which will be hereinafter discussed.
The determination of the Secretary of State dated October 9, 1958 set forth that he had found 35 valid signatures from the County of Schoharie. Thereafter this figure was corrected when* the representative of the Secretary of State conceded (p. 82 of the transcript of the trial) that 142 signatures had been filed, of which 100 had been rejected, and that 42 had been deemed valid.
The decision of the court with respect to page 1368 would validate 10 additional signatures, except that the Secretary of State had also rejected signature number 3 as not being registered, signature number 7 address incomplete, and signatures numbers 9 and 10 as,not being registered, so that there would be a net of 6 signatures validated.
The decision of the court with reference to page 1353 would validate 10 signatures, except that the signatures numbers 4, *521 5 and 8 had been rejected by the Secretary of State on the grounds that the individuals were not registered, the net result of which would be 7 additional valid signatures.
As to page number 1362 the determination of the court would validate an additional 10 signatures, except that the Secretary of State had rejected signatures numbers 1, 2, 4, 5, 7 and 10 as not being registered, the net result of which would be 4 additional valid signatures.
As to page number 1366, the decision of this court would validate 2 additional signatures, except that the Secretary of State had rejected signature number 2 for the reason that the signator did not live within the County of Schoharie, which would be a net result of 1 additional signature.
As to page 1369 the determination of this court would validate 9 additional valid signatures, except that the Secretary of State had rejected signatures numbers 2, 3, 6 and 7 as not being-registered and number 4 as being an alteration in name, making a net result of 4 additional signatures.
The inclusion of these additional signatures plus 42 valid signatures, as found by the Secretary of State, would make a total of 64 valid signatures.
The petitioners offered proof with respect to the following signatures, rejected by the Secretary of State for the reasons stated opposite thereto:
Petition Page No. Line No. Name Reason for Rejection 1355 1 Bert Funk Alteration of signature 1356 10 Gordon G. R. Smith Not registered 1357 2 Rose Amlin Not registered 1357 5 William M. Pierce Not registered 1360 9 Bessie Roney Alteration of name 1360 10 Mrs. Lena Drinon Not registered 1361 2 Ted Pierce Not registered 1361 4 William Dobbin Not registered 1361 6 Awanda Bender Not registered 1363 1 Percy Sherman Alteration of county 1363 6 Lorraine Mann Alteration of county-1365 8 Esther Tansey incomplete address 1368 4 Kathryn Coons Incomplete address 1368 9 Robert Given Not registered 1368 9 Grace Slater Not registered
The court has determined that the petitioners have sustained' their burden of proof with reference to the signatures of the following named persons and has determined that the signatures of these persons are valid and are entitled to be added to the validated signatures filed for Schoharie County:
*522 Bert Funk, above whose name in print was the name ‘ Bertram ’ ’ which was determined by the Secretary of State to be a material alteration of his signature. This court has found that the Bertram Funk was registered, that his signature was the abbreviation of “Bertram” and that the printing of the name “ Bertram ” was not a material alteration of his signature.
Gordon Smith, who had written his initials “ G.R. ” and thereafter wrote above the initials the name “ Gordon ”, and who was found to be registered as Gordon Smith.
Rose Amlin, who was registered as Rosetta Amlin and Ted Pierce, who was registered as Theodore Pierce, both of whom signed an abbreviated signature, which is permissible under section 138-a of the Election Law.
William Dobbin, Awanda Bender, Robert Given and Grace Slater, all of whom were found to be registered.
Percy Sherman and Lorraine Mann, both of whom were found to be registered, and there was written on the line for the county the word ‘ ‘ Schoharie ’ ’ above ‘ ‘ Scho ’ ’ apparently the abbreviation, which was not a material alteration.
Esther Tansey and Kathryn Coons, whose signatures were rejected on the ground that the addresses were incomplete, were found to be registered and the addresses were addresses used by persons residing within that election district and there was nothing to show that these individuals had any knowledge of the addresses contained on the register.
Robert Given and Grace Slater, the proof being that they were registered in the election district as stated in the petition.
The court denies the applications of the petitioners with respect to Lena Drinon and Bessie Roney, because such signatures were contained upon page 1360, which the court has heretofore held was properly rejected by the Secretary of State. The court also denies the application of the petitioner with respect to the name of William M. Pierce, as there was not sufficient proof to identify the name.
The result of these determinations would add 12 additional valid signatures making the total as found by the court at this point 76. .
The respondent objectors offered proof with respect to the status of certain names which had not been rejected by the Secretary of State. The petitioners objected to such proof and the court reserved decision. The court now determines to overrule the objection and give consideration to such proof.
The proof of the respondents-objectors relates to signatures of the following named individuals and opposite thereto is *523 contained the determination of the court with respect to the signatures of such individuals:
Petition Page No. Line No. Name Determination 1354 7 Martha La Mont Granted — -Not registered 1354 10 Peg Anthony Granted — Not registered. 1357 4 Don Wheeler Denied — Registered 1357 9 ■ Walter Rivenburg Denied — Failure of Proof 1359 4 Daniel Marsh Denied — Registered 1361 3 Davidsen Anna Denied — Registered 1361 7 Dorothy E. Lawyer Denied — Registered 1363 6 Lorraine Mann Denied — Address sufficient 1364 2 Manley Marsh Denied — Address sufficient 1365 5 Clarence H. Sheldon Granted — Not registered 1367 4 Thelma Van Detta Denied — Address sufficient— No address in hook. 1367 7 Henry Wahl Denied — Address sufficient— No address in book. 1367 8 Frank W. Andrew Denied — Address sufficient— No address in book. 1367 10 Freda Travis Denied — Address sufficient
The summary of the court’s action with respect to the proof offered by the respondents-objectors is that 3 names are stricken and 11 names, against whom proof was offered, are permitted to remain. The court, therefore, concludes that the petition contains 73 valid signatures from the County of Schoharie.
The petitioners contend that certain of the provisions of subdivision 6 of section 138 of the Election Law are unconstitutional. Such provisions of subdivision 6 are as follows: “ 6. The name of a person signing such a petition for an election for which voters are required to be registered shall not be counted if such person was not registered at the time of the last preceding general election as a qualified voter ”.
The petitioners urge that such requirement is arbitrary and discriminatory and disfranchises many classes of citizens of the right to participate in the process of making independent nominations and that, hence, it is illegal and unconstitutional. This contention of the petitioners is overruled. (Matter of Davis v. Board of Elections of City of N. Y., 6 AD 2d 390.)
Since no proof has been submitted in support of the proceeding designated No. 2 herein, proceeding No. 2 is therefore dismissed.
This court having determined that there are in excess of 50 valid signatures from the Counties of Wayne, Yates and Schoharie, the determination with respect to those counties heretofore made by the Secretary of State was erroneous and the petitioners are, therefore, entitled to the relief set forth in their petition in this proceeding.
*524 This court, therefore, determines that the petition presented to the Secretary of State by the petitioners is entitled to he and should be filed in accordance with law.
The petitioners are to submit an order in accordance with this decision.
No costs are awarded to any of the parties.

 Indicates the word “same” was stricken.

 * Indicates the words “ 98 Attorney St.” were inserted.