Harold Tessler, J.
In this proceeding, petitioners seek to invalidate the designating petition of Matthew J. Troy, Jr., and Agnes C. Hayes for the Democratic party positions of male and female district leader respectively, Ninth Assembly District, Queens County.
Both sides conceded for the record the following: that respondents Troy and Hayes filed with the Board of Elections a total of 271 sheets of signatures and that on 72 of these sheets there remain only 330 valid signatures, leaving the respondents 20 short of the 350 signatures required by law; and further that petitioners’ attack herein concerns itself solely with the validity of the signatures contained on the remaining 199 sheets of the petition and further that petitioners’ attack upon these signatures goes to their entirety, they are either all good or all bad, and depending upon this determination, respondents would or would not have sufficient valid signatures.
Petitioners urge that these 199 sheets of signatures do not conform with section 135 of the Election Law in the following three respects and hence are fatally defective and should be invalidated.
(1) In what is commonly called the preamble, the petition contains the word “ nomination ” whereas the word “ designation ” is required inasmuch as the respondents herein are candidates for party position and not public office.
(2) The phrase “ all of whom are enrolled voters of said Party, as a committee to fill vacancies in accordance with the provisions of the election law” is omitted from beneath the list of the three members of the committee on vacancies as to the candidates for county committee.
(3) There appears on each of the sheets, except in two election districts, a crisscross three in the box provided for male candidates of the county committee and that this constitutes a material alteration.
Petitioners concede that substantial compliance with the statute only is required. However, they argue that the defects enumerated above are all of such a nature as would tend to mislead or deceive the prospective signatory and voter and that *60 such defects are of such a serious nature as to constitute noncompliance with section 135.
As to the first alleged defect, the use of “ nomination ” instead of “ designation ”, even a casual examination of the sheet shows the words “ DESIGNATING PETITION ” in bold caps at the top and further in the same preamble the words “ designate ” and “party position” are clearly set forth and it is obvious that the word ‘1 nomination ” is of trivial and insignificant import. The use of this word instead of ‘ ‘ designation ’ ’ could in noway deceive or distort the meaning and intention of the declaration to support and designate these respondents for the party positions they seek.
As to the second point — the omissions of the line under the committee on vacancies for county committee —it is elementary that even if this omission should be considered a defect, it could only affect the candidates for the party position of county committee and could in noway render the petition sheets of these respondents, Troy and Hayes, invalid. Again, from a cursory examination of the sheet, we find two inches above these three names, the same three names and addresses phis the omitted phrase, constituting the committee on vacancies for the party positions of district leaders, male and female. It would be obvious to anyone signing the petition as to the status and significance of the three names below, despite the omission.
With reference to the third point raised by the petitioners, it should be noted that upon the hearing, respondent Troy, who is an attorney, testified (petitioners stated they would accept his statement as to the truth) that 65% of the sheets had the crisscross put on them before they went out for circulation. It was in this form that the voter signed it. It is apparent the crisscross was put there to make it plain and unmistakable that no candidates were being offered for male members of the county committee. This cannot be construed to be a material alteration nor is it one with any purpose or contemplation to deceive.
Section 135 of the Election Law spells out certain requirements as to the form a designating petition shall take and states the following, ‘‘ such petition * * * shall be in substantially
the following form ”. It is inescapable and the law is clear that substantial compliance only is required, and the section “ does not require literal and precise compliance but requires only that the petition be in ‘ substantially ’ the form set out ”. (Corn v. Cohen, 49 N. Y. S. 2d 913, 914.)
The courts will not construe a statute in such a manner as will conflict with reason or justice. The basic rule in the construction of a statute must be to give force and effect to that *61 which the Legislature intended (People ex. rel. Scharff v. Frost, 198 N. Y. 110).
The courts must be liberal in making a determination, whether the designating petition substantially complies with the requirements of the law, and I find that the defects alleged by the petitioners are of a trivial and inconsequential nature. At best they constitute such minor departures from the form of petition as set forth in section 135 as would in no respect mislead or deceive the voter. (Matter of Ryan v. Cohen, 177 Misc. 559.)
It is my view that in order to give true meaning to and carry out the purpose of the election laws, the courts must construe those laws in such a way as will enable the voters to designate candidates of their choice. To adopt a narrow and technical construction would only serve to defeat that purpose.
For all of the above reasons, I find the designating petitions of the respondents, Troy and Hayes, are in substantial compliance with section 135 of the Election Law. Accordingly, the petition and proceeding are dismissed. Submit order.