Kenneth S. MacAffer, J.
On the 16th day of September, 1960 there was filed in the office of the Secretary of State the independent nominating petition of the Socialist Labor party purporting to nominate electors of Eric Hass for the public office of President of the United States and Georgia Cozzini for *431 the public office of Vice-President of the United States, containing 16,092 signatures. Thereafter and on or about the 20th day of September, 1960 there was filed by the petitioner herein, a candidate for the office of elector duly nominated by the Democratic party and the Liberal party, objections to the aforesaid petition. Thereafter the petitioner filed specifications in support of the aforesaid objections. This proceeding was instituted by an order to show cause granted on the 27th day of September, 1960 and prior to the determination by the Secretary of State with respect to the aforesaid objections. On or about the 27th day of September, 1960 the Secretary of State made her decision determining that the objections and specifications were deemed insufficient and upholding the validity of the petition.
The respondents have filed an answer in this proceeding contending that the nominating petition contains the required number of signatures by voters of the State, of whom 50 reside in each county of the State, considering the Counties of Fulton and Hamilton as one county. The Directors of Division of Servicemen’s Voting of the Department of State for the State of New York have filed a notice of appearance. The American Civil Liberties Union requested permission to appear amicus curies. There being no objection, the court granted such request.
The petitioner stated that he would confine his attack to the objections to the signatures procured in the County of Onondaga. The petition contains 97 purported signatures of qualified voters residing within that county, which are contained on pages 1364 to 1375, both inclusive, of the petition. Of this number the petitioner contends that 48 of the signators were stated to reside within the Seventh Election District of the Ninth Ward of the City of Syracuse at the time of the last preceding general election. It was conceded that there is no Seventh Election District of the Ninth Ward of the City of Syracuse and that no such district existed in the year 1959.
It was conceded that of these aforesaid 48 signatures, 17 of the signators were not registered for the last preceding general election in any district. It was contended, however, that the other 31 resided within the Sixth Election District of the Ninth Ward of the said city and were otherwise qualified signators. The respondents contend that the error in describing or setting forth the election district is excusable and should not invalidate such signatures.
Section 138 of the Election Law provides in part as follows: “ Such a petition must set forth in every instance the correct date of signing, the full name of the signer, his present residence, the residence from which he was registered at the time of the *432 last preceding general election, the ward, if any, of such residence at such time, the election district thereof at such time, the town or city (except in the city of New York) and, in the city of New York, the assembly district at such time. A signer need not himself fill in the date, residence or residences, ward, election district, town or city or assembly district. The election district of the signer to be filled in the petition for a general or a special election shall be the election district in effect at the time of the last preceding general election.”
The courts have heretofore held that a signator on a petition must comply with these requirements of the law and that there must be set forth in the petition the correct election district in which he resided at the time of the last preceding general election. (Matter of Lieblich v. Cohen, 286 N. Y. 559, 562; Matter of McElroy v. Cohen, 286 N. Y. 686, 687; Matter of Connors v. Messina, 308 N. Y. 877.)
The respondents have cited in support of their contention the case of Matter of McManus v. DeSapio (13 Misc 2d 513, affd. 7 A D 2d 613, affd. 5 N Y 2d 773). In that case, however, there was proof that the subscribing witness to the petition had set forth in her affidavit the number of her election district as it existed immediately prior to the last preceding general election and that there had been a general change in the numbering of the election districts. The court in that instance held that her failure to state the correct number of her election district was not because of any failure on her part but because of the change in the numbering thereof. In the case at bar there is no explanation for the failure to comply with the requirements of the law to set forth the correct election district.
This court, therefore, concludes that the contention of the petitioner must be upheld.
The petitioner contends further that one Frank I. Miller acted as the subscribing witness with respect to the signatures contained on pages 1366, 1369, 1371 and 1374 containing a total of 32 signatures and that the said Frank I. Miller in each instance set forth that he was a resident of the Tenth Election District of the Fifth Ward of the City of Syracuse. It was conceded that of these 32 signatures, 7 of the signators were not qualified.
It was conceded that the said Frank I. Miller resided in the Twelfth Election District of the Fifth Ward of the City of Syracuse and that his.residence as set forth in the petition was contained within the boundaries of the said Twelfth Election District of the Fifth Ward. The petitioner, therefore, contends *433 that the aforesaid signatures to which the said Miller subscribed are not valid and must be stricken from the petition by reason of the failure of the said Miller to correctly state the election district in which he resided. No proof has been offered by the respondents as to any reason therefor or any explanation of the misstatement of the election district in the subscribing witness’ statement. In the case of Matter of Hall v. Heffernan, the court at Special Term (185 Misc. 742, 744, 745) said: 11 Three hundred twenty-six signatures are disallowed for the reason that the subscribing witnesses to such signatures stated incorrectly the election districts in which they resided (Matter of McElroy v. Cohen, supra; Matter of Crosbie v. Cohen, supra; Matter of Lieblich v. Cohen, 286 N. Y. 559; Matter of Boyarsky v. Cohen, 289 N. Y. 630; Matter of Pavis v. Heffernan, 185 Misc. 626, supra).” This decision was affirmed by the Appellate Division (269 App. Div. 953) and by the Court of Appeals (295 N. Y. 599). The same holding has been repeated in other decisions in the Court of Appeals. (Matter of Boyarsky v. Cohen, 289 N. Y. 630; Matter of Crosbie v. Cohen, 281 N. Y. 329; Matter of Dorsey v. Cohen, 268 N. Y. 620.)
This court, therefore, concludes that this contention of the petitioner must be upheld.
It was also conceded that the signatures appearing on line 2 of page 1365, line 1 of page 1373 and line 5 of page 1375 are
not valid signatures.
To summarize:
Total number of signatures..................... 97
Stricken by consent of the parties from the group of 48 in which it was alleged that the election district in which the voter had last voted at a general election was the Seventh District of the Ninth Ward........ 17
Stricken, by order of the court, the balance of the aforesaid 48 signatures............................... 31
Stricken by consent of the parties from the group of 32 whose signatures had been taken by Miller as the subscribing witness............................... 7
Stricken, by order of the court, the balance of the aforesaid 32 signatures.................... 25
Stricken by consent of the parties................... 3
Total stricken ................................ 83
Qualified signatures remaining ................. 14
*434 The court having determined that there are less than 50 valid signatures from the County of Onondaga, to wit, 14, the determination with respect to that county heretofore made by the Secretary of State was erroneous and the petitioner is therefore entitled to the relief set forth in his petition in this proceeding.
This court, therefore, determines that the petition heretofore presented to the Secretary of State, in behalf of the respondents, may hot be filed and must be rejected in accordance with law.
The motion of the petitioner is granted, without costs. Petitioner to submit order.