■ In the Matter of MILTON N. BEDRICK, Appellant, v. MICHAEL MARTONE et al., Respondents.— In a proceeding under section 330 of the Election Law, to correct and validate the petition designating the petitioner Bedrick as the candidate, to be voted upon at the forthcoming primary election, for the party position of committeeman of the Democratic party from the City of Glen Cove in the County of Nassau and from the 18th Election District in said city, the said petitioner appeals from an order of the Supreme Court, Nassau County, entered August 23, 1963, without a hearing on the merits, which dismissed the petition in this proceeding for lack of jurisdiction. Order reversed on the law, without costs, and matter remitted to the Special Term for a hearing on the merits and for further proceedings not inconsistent herewith. Under all the circumstances we are of the opinion: (1) That due notice of the application, both personally and by service of a copy of the papers, was given to the individual respondents, Martone and Brown, within the time prescribed; and (2) that, in any event, by reason of their conduct, the said respondents were estopped from contesting the timely service of the papers upon them. Ughetta, Acting P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.

· ■ In the Matter of RONALD W. LAMB et al., Appellants, v. WILLIAM D. MEISSER et al., Constituting the Board of Elections of the County of Nassau, et al., Respondents.— In a proceeding under section 330 of the Election Law, to validate the petitions designating Ronald W. Lamb, John A. Carroll and Ellen Seid as nominees, to be voted upon at the forthcoming primary election, for the party positions of committeemen and committeewoman, respectively, of the County Committee of the Republican party from election districts in the City of Glen Cove, County of Nassau, the said candidates appeal from an order of the Supreme Court, Nassau County, entered August 23, 1963, upon the decision of the court after a hearing, which dismissed the petition in this proceeding. Order reversed on the law and the facts, without costs, and matter remitted to the Special Term for a hearing on the merits and for further proceedings not inconsistent herewith. The Special Term dismissed the petition in this proceeding on two grounds: (1) that the copy of the papers served upon respondents failed to contain a conformed copy of the verification which was in fact attached to the original petition; and (2) that the designating petitions, as delivered in sealed envelopes to the Board of Elections, consisted of many loose sheets which were not bound or stapled together, even though they were numbered consecutively. In our opinion, these omissions constituted mere irregularities which in no way affected the substance or the validity of the petitions. It is to be noted that the statute (Election Law, § 136, subd. 1) does not make the requirement of "binding together" mandatory; nor does the statute preclude the court, by reason of the failure to physically join the consecutively numbered loose sheets, from treating them as valid petitions. Ughetta, Acting P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.