*799 Memorandum. The designating petition filed with the Board of Elections should be validated. In the absence of allegations of fraud substantial compliance with the Election Law is sufficient. The People’s will should not be fettered by technicalities requiriiig precise compliance. In this case Mr. Rosen submitted five petition sheets that were bound together and Mr. Porter submitted three petition sheets that were bound together. Each received a receipt from the Board of Elections attesting to the number of sheets filed. The board’s responsibility extends only to the examination of the particular petitions under consideration— and of course any other petitions before the board — for the purpose of ascertaining whether they were signed by a sufficient number of qualified voters. We find that a sufficient number of signatures have been presented to the Board of Elections. Three of the sheets submitted by Mr. Rosen contain 20 signatures on each sheet which is more than the required number under the statute. Two of the sheets submitted by Mr. Porter each contains 20 signatures. Since the preceding enrollment showed 370 voters, no more than 20 were needed to meet the 5% minimum fixed by the Election Law (§ 136). Under the circumstances, even though the sheets were not separately numbered in strict accordance with section 135, the petitions which contain single sheets including sufficient signatures to support the designations sufficiently comply with the statutory requirements.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel and Jasen concur.
Order reversed, without costs, and case remitted to Special Term with directions to grant an order validating the designating petition in a memorandum.