■ In the Matter of ANTHONY D. REED, Appellant, v. KENNETH T. POWER et al., Constituting the Board of Elections of the County of Monroe, Respondents.— Order unanimously reversed on the law and facts, without costs, and designating petition validated in accordance with the following memorandum: On July 29, 1971 appellant filed his designating petition consisting of 65 sheets or pages containing a total of 354 signatures. No sheet has more than seven signatures. Approximately 150 signatures are required for the petition to be valid. Immediately before submitting the petition to the Board of Elections petitioner in the presence of a Deputy Commissioner of Elections counted the pages contained in his designating petition but failed to number them consecutively. These sheets were bound together in one volume with a cover sheet setting forth, among other things, his name, the office he was seeking, the number of pages contained in the petition and the total number of signatures. Upon completion of these acts the petition was officially submitted to the Board of Elections, accepted and stamped on the time clock as being received and remained in the exclusive possession and control of the Commissioner of Elections. No objections were filed and no fraud is alleged. On August 11, 1971 the Board of Elections, on its own, invalidated the petition on the sole ground that the sheets were not consecutively numbered. Special Term sustained the action of the Board of Elections stating that it could not construe petitioner's actions in counting the pages as constructive numbering. The courts in *Matter of Clarkin* v. *Power* (26 Misc 2d 58, affd. without opn. 10 A D 2d 998, affd. without opn. 8 N Y 2d 876) said that "in order to give true meaning to and carry out the purpose of the election laws, the courts must construe those laws in such a way as will enable the voters to designate candidates of their choice. To adopt a narrow and technical construction would only serve to defeat that purpose." (P. 61.) Upon the facts and circumstances presented we are of the opinion that the failure to consecutively number each sheet was a trivial and inconsequential error, and that there was substantial compliance with the requirements of section 135 of the Election Law. (Cf. *Matter of Clarkin* v. *Power, supra.*) " In the absence of allegations of fraud, substantial compliance with the Election Law is sufficient. The People's will should not be fettered by technicalities requiring precise compliance." (*Matter of Rosen* v. *McNab,* 25 N Y 2d 798, 799.) The order should be reversed and the Board of Elections directed to place the name of appellant Anthony D. Reed on the ballot for September 14, 1971 for the Democratic Primary Election for the office of County Legislator, 25th District, County of Monroe, New York. (Appeal from order of Monroe Special Term dismissing petition to validate designating petitions.) Present — Goldman, P. J., Del Vecchio, Witmer, Gabrielli and Cardamone, JJ. (Order entered Sept. 9, 1971.)