In the Matter of the Estate of BERTRAM WILKINSON, Deceased. LEONORA E. WILKINSON, Appellant; WILLIAM B. GELB, Respondent.— Decree, insofar as it awards respondent attorney's fees in the amount of $4,100 for settlement of the claim against Kenneth Jamieson, unanimously reversed, without costs, and matter remitted to Surrogate's Court, Monroe County, for further proceedings in accordance with the following Memorandum: Fees awarded to the executor-attorney for legal services rendered by him in settling the claim based on the promissory note held by the estate should be determined on a *quantum meruit* basis. The record does not include a sufficient description of the services rendered nor is there sufficient evidence as to the value of such services (*Matter of Spatt,* 32 N Y 2d 778). Accordingly a new hearing is required. (Appeal from part of decree of Monroe County Surrogate, settling account.) Present — Del Vecchio, J. P., Marsh, Moule, Simons and Henry, JJ.

In the Matter of MURIEL E. ROTHSTEIN, Appellant, v. V. JAMES CHIAVAROLI et al., Constituting the Board of Elections of the County of Monroe, and JOHN C. MOORE, JR., Respondents.— Order unanimously reversed on the law and facts, with costs, and designating petition validated. Memorandum: While it appears that petitioner did not comply with subdivision 3 of section 135 of the Election Law in that the number of signatures on each petition sheet was not specified in the statement of witness appended to each sheet, the cover sheet for the designating petition covering the bound petition sheets did indicate the total number of signatures contained in the sheets making up the petition, as required by subdivision 3 of section 136. No allegation of fraud is made and affidavits were submitted by all the witnesses involved wherein they swore that there were no alterations of the petition sheets. Under all the circumstances presented, the failure to set forth the number of signatures on each sheet was an inconsequential error and we conclude that there was substantial compliance with section 135 of the Election Law. As stated in *Matter of Rosen* v. *McNab* (25 N Y 2d 798, 799), "In the absence of allegations of fraud, substantial compliance with the Election Law is sufficient. The People's will should not be fettered by technicalities requiring precise compliance" (see, *Matter of Lloyd* v. *Power,* 37 A D 2d 792; *Matter of Reed* v. *Power,* 37 A D 2d 793). (Appeal from order of Monroe Special Term dismissing petition in proceeding to validate designating petition.) Present — Marsh, J. P., Witmer, Cardamone, Simons and Henry, JJ.

STATE DIVISION OF HUMAN RIGHTS, Petitioner, v. JEAN M. JAKOBLEW, Respondent.— Motion for reargument of appeal denied in all respects except Memorandum decision amended. (Order entered May 17, 1973.) Present — Goldman, P. J., Del Vecchio, Witmer, Cardamone and Henry, JJ.