■ In the Matter of GORDON CONTESSA et al., Respondents, v EUGENE J. MCCARTHY et al., Appellants, and STATE BOARD OF ELECTIONS, Respondent.— Appeal from a judgment of the Supreme Court at Special Term, entered October 21, 1976 in Albany County, which granted petitioners' application, in a proceeding pursuant to section 330 of the Election Law, to invalidate the independent nominating petition designating appellants as candidates of the Independence Party for the public offices of President and Vice-President of the United States and Electors of President and Vice-President. Appellants' petition substantially complied with the formal requirements of subdivisions 7 and 8 of section 138 of the Election Law (see *Matter of Rosen v McNab,* 25 NY2d 798). Special Term improperly relied upon certificates of various Boards of Elections to invalidate some 3,847 signatures on the petition. Petitioners have failed to sustain their burden of proving that appellants' nominating petition did not meet the requirements of section 138 (subd 9, par [a]) of the Election Law. Judgment reversed, on the law and the facts, and petition dismissed, without costs. Sweeney, Kane, Mahoney and Larkin, JJ., concur; Koreman, P. J., dissents and votes to affirm in the following memorandum. Koreman, P. J. (dissenting). I dissent. Subdivisions 7 and 8 of section 138 of the Election Law establish a number of formal requirements for the independent nominating petition of a candidate for a public office which is to be voted on by the voters of the entire State. These requirements include, among other things, that the sheets of the petition be bound together by volumes separated according to congressional districts of the majority of the signers' residence, that each volume be arranged

according to county, and that there be a cover sheet for each volume indicating the name of the congressional district and each county or part thereof contained in such volume. Significantly, the Legislature has used the word "shall" in conjunction with each of the foregoing requirements which indicates that it intended these requirements to be mandatory and not merely directory (cf. *Matter of Simpson v Cohen,* 252 App Div 275, affd 275 NY 642; see, generally, 56 NY Jur, Statutes, § 16 *et seq.).* Section 138 (subd 9, par [a]) of the Election Law also mandates that an independent nominating petition of a candidate to be voted for by voters of the entire State contain at least 100 valid signatures from at least half of the State's congressional districts. It is apparent from this distributional requirement that the purpose of the formal mandates of subdivisions 7 and 8 of section 138 is to permit the Board of Elections or any interested person to verify with reasonable diligence the fact that the petition satisfies the distributional requirement and thereby eliminate any possibility of fraud (see *Matter of De Luca v McNab,* 16 NY2d 835; State Dept Mem No. 3 [Jan. 14, 1974]; L 1974, ch 744, § 2). A person who challenges a designating or nominating petition has the burden of proving its invalidity *(Matter of Civilette v Caccamise,* 42 AD2d 1026, affd 33 NY2d 730). Moreover, in the absence of any allegation of fraud substantial compliance with the Election Law is ordinarily sufficient *(Matter of Rosen v McNab,* 25 NY2d 798). Here, petitioners have established that appellants completely failed to comply with the requirements of subdivisions 7 and 8 of section 138 of the Election Law. None of the sheets of the petition were bound together or otherwise organized by volumes separated according to congressional districts. Nor were the sheets of the petition arranged by county and there were no cover sheets indicating the name of the congressional district and each county or part thereof contained in each volume. Hence, it was impossible for any person to verify with reasonable diligence the fact that the petition satisfied the distributional requirement and to eliminate the possibility of corrupt or fraudulent practices in the procurement of the signatures on the petition. The fact that some of the signatories on the petition may have included their assembly district would not be particularly helpful to a person attempting to determine whether there were 100 valid signatures from at least 20 congressional districts, since assembly districts frequently cut across the boundaries of congressional districts. This problem is exacerbated in New York City where most of the signatories reside since the city is comprised of 16 congressional districts. The present case is not merely one where the sheets of the petition are not consecutively numbered, are not bound together, or fail to include in the statement of witness the number of signatures thereon *(Matter of Rothstein v Chiavaroli,* 41 AD2d 1024; *Matter of Reed v Power,* 37 AD2d 793; *Matter of Lamb v Meisser,* 19 AD2d 782, affd 13 NY2d 874). Rather, it is a case where the petition ostends a complete absence of compliance with any of the requirements of subdivisions 7 and 8 of section 138 of the Election Law. Accordingly, Special Term correctly invalidated appellants' petition. Although Special Term invalidated appellants' petition for failure to comply with the requirements of subdivisions 7 and 8 of section 138 of the Election Law, it proceeded to consider petitioners' objections to individual signatures appended to the petition and found that the petition contained 11,728 invalid signatures. Of these 11,728 invalid signatures, 6,053 were found to be invalid either because the signatory or subscribing witness failed to include his election and/or assembly district or because the signatory included the wrong election and/or assembly district. These signatures were properly found to be invalid (see *Matter of Schnurr v*

*May*, 40 NY2d 813, affg 54 AD2d 533; *Matter of Berry v Dodd*, 38 NY2d 995; *Matter of Rutter v Coveney*, 38 NY2d 993; *Matter of Goldwater v Simon*, 24 Misc 2d 430, affd 11 AD2d 1078, affd 8 NY2d 1062). After finding that appellants' petition contained 11,728 invalid signatures, Special Term went on to find that the petition was so permeated with irregularities that it had to be invalidated in order to sustain legal and orderly elections. It is established that where, as here, there are numerous irregularities on a petition it may be inferred that irregularities similar to those proved permeated the whole petition *(Matter of Ruiz v McKenna*, 40 NY2d 815; *Matter of Mercorella v Benza*, 38 NY2d 792). Whether or not to draw an inference of permeation is ordinarily a question of fact *(Matter of Mercorella v Benza, supra)*. Here, there is sufficient evidence to support the inference of permeation and appellants have failed to come forward with proof sufficient to rebut this inference (cf. *Matter of Proskin v May*, 40 NY2d 829). Accordingly, I would affirm the judgment.