### (April 13, 1977)

CONSTANTINE KONSTANTAKOPOULOS, Respondent, v PROCHILO, NEWMAN-SHAFTEL ASSOCIATES, Appellant.—In an action, *inter alia,* to compel defendant to execute a lease to certain premises, defendant appeals from an order of the Supreme Court, Queens County, entered March 10, 1977, which granted plaintiff-respondent's motion for a preliminary injunction. Order reversed, without costs or disbursements, and motion denied. It was an improper exercise of discretion for Special Term to have granted the preliminary injunction since plaintiff failed to establish a compelling right to such relief. Gulotta, P. J., Hopkins, Shapiro and Titone, JJ., concur.

### (April 14, 1977)

In the Matter of ENID BAYNE, Respondent, v ALICE SACHS et al., Constituting the Board of Elections of the City of New York, Respondents, and KATHERINE WELLS et al., Appellants.—In a proceeding, *inter alia,* to validate petitions designating petitioner-respondent as a candidate in the election to be held on May 3, 1977, for the public position of Member of the New York City Community School Board, District 23, the appeal is from a judgment of the Supreme Court, Kings County, dated April 6, 1977, which (1) granted the petition and (2) directed the board of elections to place petitioner's name upon the appropriate ballot. Judgment reversed, on the law and the facts, without costs or disbursements, and proceeding dismissed on the merits. Special Term found that petitioner had exactly 200 valid names on the designating petitions which she filed with the board of elections for the public position of Member of the New York City Community School Board, District 23. Appellants contend that 19 signatures are invalid. They object to (1) a sheet containing eight signatures, wherein the candidate's office and address were not listed; (2) a sheet on which the subscribing witness' election district was incorrect and (3) a person who signed as a voter, a Mr. Solomon, who, they claimed, was not registered. Petitioner was unable to prove that Mr. Solomon was registered. In *Matter of Rosen v McNab* (25 NY2d 798, 799) the Court of Appeals stated that "The People's will should not be fettered by technicalities requiring precise compliance." In the case at bar, however, too many mistakes were made for this court to allow the petition to stand. "The requirements of subdivision 3 of section 135 of the Election Law are designed to facilitate the discovery of irregularities or fraud in designation petitions. This purpose may only be achieved by mandating uniform and strict compliance with the statutory requirements" *(Matter of Rutter v Coveney,* 38 NY2d 993, 994). We therefore must reverse Special Term's determination and dismiss the proceeding. Hopkins, Acting P. J., Margett, Damiani and Rabin, JJ., concur.