■ DOROTHY RYAN, Appellant, v BOARD OF ELECTIONS OF THE CITY OF NEW YORK et al., Respondents. In the Matter of CAROL REICHMAN et al., Respondents, v BOARD OF ELECTIONS OF THE CITY OF NEW YORK, Respondent, and DOROTHY RYAN, Appellant. — Order, Supreme Court, New York County (Nadel, J.), entered August 25, 1981, denying the petition to validate and granting the petition to invalidate the designating petition of Dorothy Ryan as a candidate for nomination by the Democratic Party for the public office of City Council Member, Third Council District, New York City, reversed, on the law and in the interest of justice, the petition to validate said petition is granted and the petition to invalidate the petition is denied, without costs, and the Board of Elections is directed to place the name of said candidate on the appropriate Democratic primary ballot for the primary election to be held on September 10, 1981. In our view the sole issue is whether the 368 signatures obtained by Charles Bayor as subscribing witness are to be counted as valid signatures despite the fact that he resided 125 feet outside the councilmanic district at the time he obtained the signatures. It is undisputed that the signatures are otherwise valid. Bayor's residence was previously within the councilmanic district, but because of a reapportionment redistricting, which took place only eight days prior to the commencement of the petitioning period, his residence was 125 feet outside the new line. It is not without significance that lawsuits were then pending to void the changes in councilmanic district lines. Subdivision 2 of section 6-132 of the Election Law requires that the subscribing witness be a "resident of the political subdivision in which the office or position is to be voted for." A strict construction of the statute would require that these otherwise perfectly valid signatures be rejected, defeating the will of the voters who properly signed the petition. In our view no such Draconian application of the statute is here warranted. The very recent change in the district lines, the close proximity of Bayor's residence to the new lines and the pending litigation challenging the redistricting all warrant sustaining the signatures. The identity and whereabouts of the subscribing witness was readily obtainable. His connection with the district had been abruptly terminated through no act of his own or of the candidate. No rights of any party are prejudiced by holding the signatures to be valid *(Matter of McManus v De Sapio,* 13 Misc 2d 513, affd 7 AD2d 613, affd 5 NY2d 773). "In the absence of allegations of fraud substantial compliance with the Election Law is sufficient. The People's will should not be fettered by technicalities requiring precise compliance." *(Matter of Rosen v McNab,* 25 NY2d 798, 799.) Under the circumstances of this case a strict adherence to the statute would improperly interfere with the will of the signatory voters and deny their rights (see *Williams v Sclafani,* 444 F Supp 906, affd *sub nom. Williams v Velez,* 580 F2d 1046; *Matter of Verdi v Mattera,* 41 AD2d 945, affd 32 NY2d 837). Concur — Lupiano, Silverman, Bloom and Fein, JJ.

Markewich, J. P., dissents in a memorandum as follows: The Special Term "rejected" a Special Referee's report which recommended validation of a designating petition, which had been attacked on the basis that a number of signatures thereon which, if subtracted, would have left a difference from the total sufficient to defeat validation, had been attested to by a subscribing witness whose residence was not within "the political subdivision in which the office * * * is to be voted for." (Election Law, § 6-132, subd 2.) The petition was thus invalidated. A majority of this court would, either in the interest of justice or as an act of discretion — in this context, virtually the same thing — in effect, substitute the referee's recommendation for the Special Term's order. Since the referee's report flies directly in the face of the statute, it must be studied to discern the reason for this result, particularly in view of several holdings by our highest court. "The 'witness statement' in the designating petitions failed to include a declaration that the signatories had subscribed their names on the dates indicated in the spaces adjacent to their signatures, notwithstanding the clear language of section 6-132 of the Election Law requiring such a declaration. While section 6-132 by its terms permits 'substantial compliance' with the statutorily prescribed format for designating petitions, it does not permit deviations from the statutorily prescribed content of such petitions (cf. *Matter of Ruiz v Sachs,* 43 NY2d 894). The omission of the required declaration was a substantive departure from the mandates of the statute and not a mere error in form. Absent a declaration that the signatures had been obtained on the dates indicated, the petitions were deficient in much the same manner as they would have been had the witnesses failed to aver that the signatories had signed in their presence. In both cases, there is a fatal failure to include in the petition an element which the Legislature has deemed to be essential. The substantive requirements of section 6-132 'are designed to facilitate the discovery of irregularities or fraud in designation petitions' *(Matter of Rutter v Coveney,* 38 NY2d 993, 994). Were we to permit deviation from these requirements in this case, we would be taking the first step toward unraveling the carefully conceived legislative scheme." *(Alamo v Black,* 51 NY2d 716, 717, revg 77 AD2d 849; see, also, *Matter of Higby v Mahoney,* 48 NY2d 15.) The referee has stated that "the uncontradicted testimony by the subscribing witness was that unbeknown to him his Councilmanic District had been reapportioned 8 to 10 days prior to his obtaining signatures for * * * the candidate for * * * Councilman under a general renumbering". Citing *Matter of McManus v De Sapio* (13 Misc 2d 513, affd 7 AD2d 613, affd 5 NY2d 773), the referee regarded correction of a petition error by misdescription, characterized by the Court of Appeals as "immaterial" (p 774), to be the equivalent of the disqualifying factor of residence within the "political subdivision," which was the operative fact here. In argument, counsel for petitioner-appellant points to *Matter of Verdi v Mattera* (41 AD2d 945, affd 32 NY2d 837), wherein, in a claimed similar situation, signatures obtained by a subscribing witness, whose residence was placed without the district by a change of boundary, were validated, "in the interest of justice". The reference is inapropos. A decision "in the interest of justice" is an act of discretion, which, by definition, must have a supporting factor not contemplated in the applicable law.* Such a factor was present in *Verdi,* i.e., the fact that this court had invalidated the change of boundary, thus legitimizing the witness' status, and the Court of Appeals had modified, merely changing an effective date *(Badillo v Katz,* 41 AD2d 829, mod

---

* "[D]iscretion * * * 3b: power of free decision or choice within certain legal bounds * * * *specif:* the latitude of decision within which a court or judge decides questions arising in a particular case not expressly controlled by fixed rules of law according to the circumstances and according to the judgment of the court or judge". (Webster's Third New Int Dictionary, p 647.)

32 NY2d 825). There is no such supporting factor here, and there is no mitigating basis whatever for a discretionary act on the part of this court which might validate the subscribing witness' group of signatures. A vague and oblique reference by the referee, taking "notice of the numerous lawsuits that have been commenced to void the changes of the Councilmanic districts," will not suffice as a basis to relieve petitioner-appellant of the statute's clear mandate. The order of Special Term should be affirmed. To rule otherwise is, as a matter of law, an abuse of discretion.