OPINION OF THE COURT
Gerald S. Held, J.
The issues effecting each of the above-captioned matters are common and in lieu of testimony the facts have been stipulated.
The stipulated facts show that Anna V. Jefferson filed Democratic Party designating petitions for the public office of State Senator, 22nd Senatorial District, Kings County, New York, and for the Democratic Party office of State Committee Female. One of the volumes of the filed designating petitions contained omnibus petitions for both offices of which Jefferson was seeking reelection. This volume was designated as “K99” by the Board of Elections and it consists of 180 pages together with a cover sheet *211 containing all of the information required by subdivision 2 of section 6-134 of the New York State Election Law and the designating petition rules of the Board of Elections of the City of New York except that an incorrect total of signatures was noted on this cover sheet and then carried over to the cover sheets of the other volumes. The total number of signatures in the petition were overstated albeit the actual number for the senatorial petition was 3,831, to wit, 2,831 signatures more than the minimum amount required; and the actual total of signatures in the petition for Democratic State Committee was 2,083, to wit, 1,583 signatures more than the minimum required. The objectors and the aggrieved candidates take the position that the overstatement of the total number of signatures in itself is a fraud upon the public and that the Election Law of the State of New York and the designating petition rules of the Board of Elections of the City of New York require strict compliance. It is their position that the petition for New York State Senate and for Democratic State Committee should be invalidated.
The respondent takes the position that there was no fraud intended and no fraud committed. The respondent argues that the error was caused by a faulty adding machine and that there was no attempt to misstate or deceive. In furtherance of this argument the respondent points out that there were 180 pages of petitions filed and that each page had a place for a maximum of 10 signatures and therefore it was obvious that the greatest number of signatures that could have been filed would have been 1,800 in volume K99.
Counsel for all parties agree that this is a case of first impression. While there are several cases wherein necessary and required information was omitted completely there is no case to be found wherein the required total of signatures in the petition were overstated.
This court holds that the determination of the New York City Board of Elections to validate the designating petitions herein should be sustained. The petitions to invalidate are dismissed.
The court bases its determination that the designating petitions are valid, inter alia, that the respondent Jefferson, the incumbent for both offices, has been designated in *212 nominating petitions by 3,831 registered Democrats for the office of State Senate and 2,083 registered Democrats for the office of State Committee Female, and for this court to invalidate this petition would be to disenfranchise this great number of Democratic Party members. Further this court holds that there has been no evidence of a deliberate fraud on the part of the respondent and the inaccuracies which appeared on the cover sheet did not bear directly on respondent’s candidacy and were not of sufficient magnitude to justify invalidation of the entire petition. (Matter of Amalfitano v Sadowski, 51 NY2d 719.)
As stated by the Court of Appeals in Matter of Rosen v McNab (25 NY2d 798, 799): “In the absence of allegations of fraud substantial compliance with the Election Law is sufficient. The People’s will should not be fettered by technicalities requiring precise compliance.” While in this case the objectors and aggrieved candidates allege fraud or possible fraud, however, under the agreed statement of facts no fraud has been shown to the satisfaction of this court.